## ARKANSAS STATE MEDICAL BOARD
### *v.* Dr. J. E. CROSS

73-299                                                    507 S.W. 2d 709

Opinion delivered April 15, 1974

*Warren & Bullion*, for appellant.

*George E. Pike* and *Smith, Williams, Friday, Eldredge & Clark*, by: *George Pike, Jr.*, for appellee.

CARLETON HARRIS, Chief Justice. On October 31, 1973, the Arkansas State Medical Board issued a complaint and notice entitled "Order to Appear and Show Cause" to Dr. J. E. Cross of DeWitt, as follows:

> "The Arkansas State Medical Board has received evidence that you have been guilty of acts which will justify the revocation of your license to practice medicine in the State of Arkansas.
> Specifically, it has been charged that you have violated the provisions of Ark. Stat. 72-613 (5) (7) in that you have written prescriptions for Schedule II drugs excessively.[1]
>
> You have written a number of prescriptions for which do not comply with the legal requirements for a valid prescription as is illustrated by the attached list.
>
> You have been guilty of grossly negligent malpractice in the prescribing and dispensing of said drugs.

---

[1] It is interesting to note that prior to 1965, Ark. Stat. Ann. § 72-613 (5) (Repl. 1957) provided that a license could be revoked because of "conviction of violation of any federal or state law regulating the possession, distribution or use of any narcotic drug." In 1965, the General Assembly amended the statute by the passage of legislation which became Act 85 (Ark. Stat. Ann. § 72-613 [5]) providing that the board could revoke or suspend an existing license, *inter alia*, because of "(5) Violation of the laws of the United States or the State of Arkansas regulating the possession, distribution or use of narcotic drugs, or drugs the sale and distribution of which is regulated by the Arkansas Barbiturate and Benzedrine Law."

It will be noted that this change did away with the requirement of a conviction before the license of a doctor could be revoked or suspended. Again, in 1973, the General Assembly amended this section by the passage of Act 486 (Ark. Stat. Ann. § 72-613 [Supp. 1973]) *inter alia* by changing sub-section (5) to (e), the wording of such new sub-section providing that the board could revoke an existing license for "violation of the laws of the United States or the State of Arkansas regulating the possession, distribution or use of narcotic or controlled drugs classed in Schedules 1 through 5 of the Controlled Substances Act of 1970 (U.S.C., tit. 21, § 812), or the Arkansas Controlled Substances Act (§§ 82-2601 - 82-2638), including any amendments thereto;".

You are directed to appear before the Arkansas State Medical Board on Wednesday, December 5, 1973 at 2:00 pm. at the Camelot Inn Civic Center at Little Rock, Arkansas to show cause why your license to practice medicine in the State of·Arkansas should not be revoked. Your failure to appear before the Board will result in the immediate suspension of your license."

Attached to the order was an exhibit listing 40 names where Demerol prescriptions had been issued, allegedly in violation of the statute.[2]

Dr. Cross filed a complaint in the Arkansas County Circuit Court under the provisions of Ark. Stat. Ann. § 5-707 (Supp. 1973) to quash the Order to Appear and Show Cause, in effect asserting that the board had no legal basis to issue said order or to hold a hearing concerning the license of Dr. Cross, there being (as asserted) no full and complete disclosure to him of the alleged acts of misconduct, complainant impropriety, or lack of qualifications, as he contends is demanded by Ark. Stat. Ann. § 72-614 (Repl. 1957). The board responded to this pleading, appearing specially, with a Motion to Quash, asserting that the court had no jurisdiction to enjoin such board "from conducting a hearing under the Arkansas Medical Practices Act, Ark. Stats. 72-601 et seq."

We agree with appellant that the facts in this case did not give the Arkansas County Circuit Court jurisdiction, or authority to act, under Ark. Stat. Ann. § 5-707. That section reads as follows:

"In any case of rule making or adjudication, if an agency shall unlawfully, unreasonably, or capriciously fail, refuse, or delay to act, any person who considers himself injured in his person, business or property by such failure, refusal, or delay may bring suit in the Chancery Court[3] of any county in which he resides or does

---

[2]The violations referred to were the failure in some instances to date the prescriptions, and in other instances, to give the address of the patient.

[3]We have held that the authorizing of the Chancery Court to entertain a petition for writ of mandamus must fall as being violative of the Arkansas Constitution, although the remainder of the section is not affected since the designation of the forum is clearly severable from the other provisions. See *Harber* v. *Rhodes*, 248 Ark. 1188, 455 S.W. 2d 926.

business, or in the Chancery Court of Pulaski County, for an order commanding the agency to act."

This section unquestionably relates to the unlawful or unreasonable refusal of an agency, such as the Arkansas State Medical Board, to act, i.e., in this case, to conduct a hearing. Admittedly, the board was not refusing to conduct a hearing; in fact, it had set up a hearing which was the purpose of the notice and complaint to Dr. Cross. Dr. Cross' assertion deals only with the insufficiency of such complaint, but the sufficiency or insufficiency of the complaint or notice given to the doctor does not constitute a failure to act.

It appears that the court litigation actually arose because, after the giving of the notice concerning the 40 alleged violations, it developed that the board also had acquired a list of numerous other alleged violations, and appellee was under the impression that these last mentioned alleged violations would also be introduced at the hearing. Since he had received no notice of these additional violations, the contention was made that the board was acting illegally. On oral argument, it developed, however, that counsel for the board concurred with the contention that these last alleged offenses were not involved in the "Appear and Show Cause Order" of October 31, 1973, sent Dr. Cross, and accordingly would not be used in that particular hearing.

However, as earlier stated, the determinative point in this litigation is that first discussed, and we hold that the sufficiency or insufficiency of a notice given Dr. Cross does not constitute a failure by the board to act, and the provisions of Ark. Stat. Ann. § 5-707 (Supp. 1973) are thus not applicable to this situation. It follows that the Arkansas County Circuit Court was without jurisdiction to enter the order complained of.

Reversed.

FOGLEMAN, J., not participating.