# ARKANSAS STATE HIGHWAY COMMISSION
## *v.* WOOD, Judge of the Circuit
## Court of Pulaski County, and
# DONREY COMMUNICATIONS COMPANY,
## INC.

78-113                                    572 S.W. 2d 583

Opinion delivered October 23, 1978
(Division II)
[Rehearing denied November 27, 1978.]

*Thomas B. Keys* and *Ted Goodloe,* for petitioner.

*Rose, Nash, Williamson, Carroll, Clay & Giroir,* for respondents.

CONLEY BYRD, Justice. The pivotal issue in this petition for writ of prohibition is whether the State Highway Commission is subject to the adjudicatory provisions of the Administrative Procedure Act, Ark. Stat. Ann. § 5-701, et seq.

(Repl. 1976). The facts giving rise to the litigation in the trial court show that Donrey Communications Company, Inc. had some billboard signs in existence when the Highway Beautification Act, Ark. Stat. Ann. § 76-2501, et seq. (Repl. 1957), came into existence. Permits to maintain those signs were issued by the State Highway Commission pursuant to the Highway Beautification Act and the regulations of the State Highway Commission issued pursuant thereto. The State Highway Commission revoked the permits issued to Donrey Communications Company, Inc. after the latter's employees had topped some pine trees growing along the highway right-of-ways adjacent to the signs. Subsequent to the revocation Donrey Communications filed a complaint in the trial court contending among other things that the revocation of the permits was void, illegal and unenforceable by reason of the State Highway Commission's failure to comply with the requirements of the Administrative Procedure Act respecting administrative adjudications, hearings, decisions and with requirements of due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Art. 2 § 22 of the Arkansas Constitution. This petition was filed here after the trial court overruled petitioner's demurrer raising the jurisdictional issues hereinafter discussed.

Petitioner's first contention is that the Administrative Procedure Act does not apply to it because the Administrative Procedure Act, Ark. Stat. Ann. § 5-701, specifically provides that "nothing in this Act shall be construed to repeal delegations of authority as provided by law. . . ." The petitioner then points to existing law, Ark. Stat. Ann. § 76-201 (Repl. 1957), which authorizes the State Highway Commission to adopt rules and provides the manner in which such rules shall be adopted. The petitioner's argument here fails to take into consideration that the Administrative Procedure Act has two purposes — *i.e.*, (1) to require certain designated State agencies to adopt and make public procedural rules, including methods whereby the public can make submissions or requests; and (2) to afford adjudication rights in matters over which the agencies have jurisdiction. See *Harber* v. *Rhodes*, 248 Ark. 1188, 455 S.W. 2d 926 (1970). The statute upon which

petitioner relies, Ark. Stat. Ann. § 76-201, *supra,* has to do only with the promulgation of the rules or regulations, an issue. not here in issue. It follows that Ark. Stat. Ann. § 76-201 cannot be said to affect the adjudicatory provisions of the Administrative Procedure Act.

Petitioner's contention that Amendment 42 § 1 to the Arkansas Constitution removes the authority of the State Highway Commission is not supported by Section 1 of the Amendment which provides:

> "There is hereby created a State Highway Commission which shall be vested with all the powers and duties *now or hereafter imposed by law* for the administration of the State Highway Department, together with all powers necessary or proper to enable the Commission or any of its officers or employees to carry out fully and effectively the regulations and laws relating to the State Highway Department." [Emphasis ours]

Finally the petitioner states that the complaint of Donrey Communications Company, Inc. does not indicate jurisdiction under Ark. Const. Art. 16 § 13, as to illegal exactions and then contends that the circuit court lacks jurisdiction of the complaint under Art. 16, § 13 of the Arkansas Constitution, citing *Towns v. McCollum,* 221 Ark. 920, 256 S.W. 2d 716 (1953). Since the case of *Towns v. McCollum, supra,* involved a taxpayers' action in chancery to enjoin the holding of an election to determine whether horse racing was to be permitted in the county and was upheld as an action to enjoin an illegal exaction, we are at a loss to understand the contention of petitioner that the circuit court had no jurisdiction of the complaint of Donrey Communications which admittedly did not allege an illegal exaction.

Writ denied.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.