ARKANSAS STATE HIGHWAY COMMISSION et al
*v.* NATIONAL ADVERTISING COMPANY

80-190                                    619 S.W. 2d 678

Supreme Court of Arkansas
Opinion delivered July 20, 1981

*Thomas B. Keys* and *Charles Johnson*, for appellants.

*Paul F. Henson*, for appellee.

O. H. STOREY, III, Special Justice. On appeal, the Arkansas State Highway Commission alleges that the Circuit Court erred in determining that a hearing held by it concerning an application for billboard permits by National Advertising Company was an adjudication and that it erred in not remanding the decision of the Commission for adjudication. We agree and reverse and remand.

In 1978, National Advertising Company applied to the

Arkansas State Highway Commission for permits to erect and maintain six outdoor advertising signs in Pulaski County. These applications were submitted to the Coordinator of Environmental Control of the Highway Department and were denied on June 8, 1978. On June 13, 1978, National Advertising Company requested a hearing and, pursuant to that request a hearing was held on June 23, 1978 by Mr. Gip I. Robertson, Jr., Assistant to the Director. On June 30, 1978, National Advertising filed suit in Pulaski County Circuit Court seeking review of the Commission's denial. That suit was dismissed by National Advertising Company without prejudice.

On February 15, 1980, National Advertising Company submitted six new applications for the same locations in Pulaski County. The Arkansas State Highway Commission returned the applications for reasons which National Advertising contended were frivolous. The Highway Commission alleges that the applications were not properly submitted and that the applications were returned requesting certain written verification. On March 13, 1980, National Advertising Company filed its suit in the Circuit Court of Pulaski County alleging that the Commission unlawfully, unreasonably and capriciously failed, refused and consistently delayed the granting of a hearing and asking that the Court enter an Order requiring the Commission to grant it a hearing. National Advertising amended its Complaint asking for an Order requiring the Commission to issue its permits and, in the alternative, for an order requiring the Commission to conduct a hearing in accordance with the Administrative Procedure Act.

In the Circuit Court, the Highway Commission took the position that the review provided by Mr. Robertson was an informal conference and was not an appealable adjudication under the Act; National Advertising argued that it was an adjudication, even though it did not meet the formal requirements of a hearing. No record was available from the Highway Commission. The hearing was conducted prior to this Court's ruling in *Arkansas State Highway Commission* v. *Wood*, 264 Ark. 425, 572 S.W. 2d 583 (1978), which held

that the Administrative Procedure Act was applicable to the Arkansas State Highway Commission.

National Advertising filed a Motion in Circuit Court to "Correct the Record and For Review" and in support of its Motion recreated the record by submitting Affidavits and by submitting a Deposition of the Traffic Engineer of the Highway Commission. Upon review of this recreated record, the Circuit Court held that the hearing provided by the Highway Commission in 1978 was an adjudication and, on the merits, reversed the Highway Department's decision and ordered it to issue the six sign permits to National Advertising Company.

It is unclear from the record as to who was responsible for the obvious breakdown in procedure. National Advertising argues that the Highway Commission is at fault for not providing a proper hearing and for not providing a record of the procedure. The Highway Commission, on the other hand, argues that the procedure adopted by National Advertising with respect to its second submission of applications was not proper and that the Circuit Court review was premature.

This case presents a classic example of why the procedure set forth in the Administrative Procedure Act, Ark. Stat. Ann. § 5-701 et seq. should be followed. The record is totally inadequate for review. The focal point for judicial review should be an administrative record already in existence, not some new record made initially in the reviewing Court. If a reviewing court finds the record inadequate to support a finding of reasoned analysis by an agency, the matter should be remanded to the agency for reconstruction of the record. Likewise, if the Court finds that the agency has acted arbitrarily in refusing to provide a procedure for a hearing, the reviewing court should order that a hearing be conducted.

To try and review the substantive decision of the Highway Commission concerning denial or grant of the sign applications would be purely a matter of speculation

which is prohibited. *Gordon* v. *Cummings*, 262 Ark. 737 (1978).

We have previously held in *Arkansas State Highway Commission* v. *Wood*, supra, that the Administrative Procedure Act is applicable and that applicants, such as National Advertising Company, are entitled to a hearing concerning these property rights.

This matter is remanded to the Circuit Court with direction that it remand it to the Highway Commission for adjudication in accordance with the Administrative Procedure Act.

We cannot say that the Trial Court erred in denying the Highway Commission's Motion to Stay Proceedings pending reimbursement of expenses and the Circuit Court's decision on this point is affirmed.

ADKISSON, C.J., and HICKMAN, J., not participating.

PETER HEISTER, Special Justice, dissents.

PETER B. HEISTER, Special Justice, dissenting. I am mindful of the policy which requires judicial review to be based upon a record created by the administrative agency; however, that policy does not address the issue presented here. In this case the Highway Commission has adopted the position that as there was no hearing there is no reviewable record. There is no doubt that Appellee was entitled to a hearing pursuant to the Administrative Procedure Act. *Arkansas State Highway Commission* v. *Wood*, 264 Ark. 425, 572 S.W. 2d 583 (1978). The Commission had provided notice of an "administrative hearing." Similarly, it announced its findings based in part on that "hearing." Appellee was entitled to expect that the proceeding it participated in was in fact a hearing and further, that Appellant would provide the record as required. There is no requirement that such a hearing be transcribed. The only requirement is that a record capable of review be maintained and provided. I see no means by which the Appellee could

have foreseen that the Commission would not provide the record as required.

The record was not prepared by the trial court. The record was prepared by Appellee and brought to the trial court for review. It was detailed and uncontroverted as to its completeness and accuracy. There is no contention that additional information is available. The trial court had before it the facts on which the Commission relied in denying the applications. The trial court found the record adequate for review. This Court is holding in essence that the record is inadequate for purpose of review. I agree with the trial court. The record appears to contain the facts relied upon by the Commission including the photographs of the areas in question and the expert opinions. I agree further that these facts are an inadequate basis for the Commission's action. For these reasons I would affirm.