VIOLA ROSECKY, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC AID et al., Defendants-Appellees.

First District (2nd Division)   Nos. 86—1241, 86—3144 cons.

Opinion filed June 30, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Karen Konieczny, Special Assistant Attorney General, of Chicago, of counsel), for Illinois Department of Public Aid and Gregory L. Coler.

Patricia K. Best, Martin Z. Craig, and Barry J. Novak, all of Hayt, Hayt & Landau, of Evanston, for Viola Rosecky.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals a circuit court administrative review order in No.

86—1241, which reduced her medical assistance benefits eligibility period previously ordered by the court. In No. 86—3144, the Department of Public Aid (Department) appeals in a consolidated case from the court's dismissal of its motion to vacate the order from which plaintiff has appealed and a previous order claiming lack of subject matter jurisdiction. The issues presented by the consolidated appeals are whether the circuit court: (1) erred in dismissing the Department's motion to vacate its previous order of administrative review for lack of jurisdiction; (2) exceeded its subject matter jurisdiction in its administrative review decision; and (3) erred in its decision under administrative review.

Plaintiff, Viola Rosecky, 64, was hospitalized for an indefinite period in May 1982, in "total need of respiratory care." She applied for medical assistance with the Department on July 13, 1982, under Aid to the Aged, Blind and Disabled (AABD). On August 19, 1982, the Department found plaintiff not disabled and consequently denied her application on August 23, 1982. The Department received additional information from plaintiff's hospital and changed its ruling on August 30, 1982, finding her disabled; nevertheless, on September 7, 1982, it denied her application because her assets exceeded the AABD limitation of $1500 by $598.05. These assets consisted of the cash value of insurance policies, and checking and savings accounts. Her medical bills exceeded $60,000 at that time.

Plaintiff's appeal to the Department after a hearing on September 14, 1982, was denied since her assets exceeded the $1500 AABD limit due to the value of her insurance policies. Plaintiff sought administrative review of that decision in the circuit court and on September 21, 1983, the circuit court remanded the action "to the Department of Public Aid for a determination of the cash surrender value of plaintiff's insurance policies."

On October 14, 1983, after remand, plaintiff's law firm notified the Department that it was representing plaintiff and requested that it receive copies of all requests and orders sent to her. The Department denied receiving this notice, but copies of the letter and its certified mail receipt are included in the record. Between November 1983 and April 1984, there was some contact between the Department and plaintiff's son, without notice to her lawyers, when the Department requested information which he, in turn, provided.

On May 16, 1984, the Department sent a request to plaintiff, in care of her son, for disclosure of her assets, again without notice to her attorneys. The son denied receiving the letter. The Department thereafter recomputed plaintiff's assets at $4,184.85, deducted a

$1,000 insurance exemption, added in bank accounts totalling $757.25, finding her assets greater than $2,400 above the AABD $1,500 asset limit. Her application was denied on June 28, 1984. Whether the Department ever mailed a notice of the denial to plaintiff is disputed, her son having denied its receipt. Admittedly, no notice was sent to plaintiff's attorneys until November 28, 1984, and then only in response to a requested status report.

On December 6, 1984, plaintiff filed a petition for a rule to show cause for the Department's alleged failure to abide by the terms of the September 1983 remand. The circuit court denied her petition on January 11, 1985, and, on the same day, plaintiff filed a departmental appeal of the June 1984 denial of her AABD application. The appeal to the Department was timely filed within the 60-day Departmental appeal period if measured from the date that plaintiff's attorneys were notified of the denial, November 28, 1984, but untimely if measured from the actual date of the denial in June 1984 and the purported mailing of notice of the denial to plaintiff at that time.

At a Department hearing on May 6, 1985, it was contended that notice was sent to plaintiff on June 28, 1984. The Department conceded that plaintiff's attorneys were not notified until November 28, 1984. On May 13, 1985, the Department dismissed plaintiff's appeal for want of jurisdiction as untimely.

Plaintiff thereafter filed an amended complaint for administrative review in the circuit court contending that it was a continuation of her original 1982 complaint. On February 3, 1986, after an exchange of memoranda and arguments, the circuit court reversed the Department's decision finding the Department had notice of plaintiff's representation by attorneys; the attorneys were entitled to receive a copy of all notices sent to plaintiff; the period for filing the appeal did not begin to run until the mailing of the notice of decision to plaintiff's attorneys; and therefore plaintiff's notice of appeal was timely filed. The circuit court then addressed substantive issues not decided by the Department's decision on remand, ruling that plaintiff was entitled to be advised of the due process right to reduce assets when assets exceed the Department's eligibility standard, the Department failed to advise plaintiff of her right to reduce assets and plaintiff did reduce her assets below the Department maximum asset level in October 1982. The court then reversed the Department's "decision" and held plaintiff eligible for medical assistance under her July 1982 application and backdated coverage to include May and June 1982. A final provision stayed enforcement of the order for 30 days pending appeal and provided that "[i]f after thirty days no appeal has been taken, the

court shall retain jurisdiction for forty-five days thereafter."

On February 19, 1986, the Department filed a notice of appeal from the circuit court order; then, a motion to reconsider the order; and on March 18, 1986, this court granted the Department's motion to withdraw its appeal from the February 3, 1986, order.

On April 1, 1986, after an exchange of memoranda and further argument, the circuit court, acting on the Department's motion to reconsider, modified its order of February 3, 1986, ruling that plaintiff's eligibility for medical assistance benefits would begin with October 1982 instead of being backdated to May 1982. Plaintiff appealed this order on April 21, 1986 (No. 86—1241).

On October 17, 1986, the Department returned to the circuit court, filing a motion, with supporting documents, to vacate the orders of April 1, 1986, and February 3, 1986, as having exceeded the court's subject matter jurisdiction for administrative review, arguing that the review was limited to the Department's administrative finding that it lacked jurisdiction, and that the court erred when it proceeded to determine the underlying substantive issues after reversing that finding of no jurisdiction.

Plaintiff moved to strike or stay the Department's motion due to the pendency of the appeal of the April 1, 1986, order and on November 3, 1986, the circuit court dismissed the Department's motion to vacate the February and April 1986 orders, ruling that the appeal divested the circuit court of jurisdiction in the matter. The Department appeals from that dismissal (No. 86—3144), and this court has consolidated its appeal with plaintiff's appeal from the April 1, 1986 order.

I

■ The Department initially contends that the circuit court erred in dismissing for lack of jurisdiction its motion to vacate the February and April 1986 orders. That dismissal was premised upon the court's finding that it lacked jurisdiction to entertain the motion to vacate the two earlier orders due to their pendency in the appellate court. The Department cites no authority supporting reversal of the circuit court's dismissal, but has focused entirely upon whether the court exceeded its subject matter jurisdiction in its orders of February and April 1986. In its reply brief, the Department states the general proposition that lack of subject matter jurisdiction "can be raised at any time, in any court, either directly or collaterally." (*Dorr-Wood, Ltd. v. Department of Public Health* (1981), 99 Ill. App. 3d 170, 173, 425 N.E.2d 499.) The Department's literal interpretation of the foregoing general statement of the rule is overbroad since it would allow a

party to file a motion to vacate an order as exceeding the subject matter jurisdiction of the entering court, in any court of this State, circuit, appellate, supreme or court of claims, without regard to the pendency of the action elsewhere. More properly, the Department should have pursued the argument in this court, where the contested order had been appealed.

■■ ■ The Department's argument that the circuit court erred in dismissing its motion to vacate due to the pendency in this court of the orders sought to be vacated does not persuade. Once an appeal has been perfected, jurisdiction over the matter vests in the appellate court; the circuit court may maintain jurisdiction to further supervise or enforce the appealed order, but it cannot maintain jurisdiction to substantively alter or to vacate the order. (*In re Estate of Rice* (1985), 130 Ill. App. 3d 416, 426, 473 N.E.2d 1382; *In re Marriage of Theeke* (1982), 105 Ill. App. 3d 119, 128, 433 N.E.2d 1311.) To do so would negate the concept of finality and appealability. Once the order was appealed, challenges to the circuit court's jurisdiction to enter the order should have been presented to the appellate court. Accordingly, the circuit court order dismissing the Department's motion to vacate the April and February 1986 orders must be affirmed.

## II

■ The Department next contends that the February and April 1986 circuit court orders exceeded its subject matter jurisdiction under administrative review.

The Department concedes that the February 1986 order correctly found that the Department had erred in dismissing plaintiff's administrative action due to her alleged untimely filing; however, it seeks a reversal of the circuit court's finding that plaintiff was eligible for AABD hospital benefits and a remand of the matter for a Departmental determination of her eligibility.

The administrative decision appealed to the circuit court had dismissed plaintiff's final appeal within the Department as untimely filed. The Department's decision was erroneous; however, it argues that regardless of that error, review of the decision by the circuit court was limited to reviewing the jurisdictional finding and it should not have determined the unresolved substantive issues of plaintiff's public aid eligibility. The Department's contention is supported by section 3—102 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 3—102), which delineates the scope of the administrative review provisions of the Code providing, in part, that the administrative decision shall be subject to judicial review only for the purpose of

questioning the jurisdiction of the administrative agency over the person or subject matter where failure to file a timely application for review is at issue.

Plaintiff argues that the circuit court's September 1983 remand of the original administrative decision for redetermination of her eligibility vested the circuit court in what might be termed continuing jurisdiction. Thereafter, following the Department's subsequent dismissal of plaintiff's administrative appeal as untimely and the refiling of the action in the circuit court for administrative review, plaintiff argues that the court was empowered to address all aspects of the case.

Administrative review under article III of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) is a departure from the common law; its prescribed procedures must be strictly adhered to by a reviewing court. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210, 486 N.E.2d 893.) Review under article III limits the circuit court, sitting as a court of review, to the evidence presented to the administrative agency. (*Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 1098-99, 477 N.E.2d 1351, *appeal denied* (1985), 106 Ill. 2d 553; *Appel v. Zoning Board of Appeals* (1970), 120 Ill. App. 2d 401, 404-05, 257 N.E.2d 9.) The Code directs that the court remand the action to the agency for any further fact finding. (*Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 1098-99, 477 N.E.2d 1351; Ill. Rev. Stat. 1985, ch. 110, par. 3—111(a)(7).) A remand by the circuit court to the agency for a fact determination *de novo* divests the court of all jurisdiction over the matter (*Creamer v. Police Pension Fund Board* (1978), 69 Ill. App. 3d 792, 794, 387 N.E.2d 711, *appeal denied* (1979), 79 Ill. 2d 610); although a remand to the agency for limited fact finding does not necessarily divest the circuit court of jurisdiction in the matter. *Department of Transportation v. Grawe* (1983), 113 Ill. App. 3d 336, 341, 447 N.E.2d 467, *appeal denied* (1983), 96 Ill. 2d 538; *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 1007-08, 443 N.E.2d 268; see also *Robinson v. Cook County Police & Corrections Merit Board* (1981), 93 Ill. App. 3d 1051, 1052, 418 N.E.2d 170.

■ In the case *sub judice*, the circuit court was presented with the Department's dismissal ruling and its review should have been limited to the correctness of that ruling. The fact that the court's earlier remand had been for limited fact finding does not alter the specific statutory limitation upon its review. Section 3—102 specifically limits the court's consideration to the Department's jurisdictional determination. That particularized limitation on the circuit court's statutorily created jurisdiction to review administrative decisions is a limi-

tation on the court's power to maintain continuing jurisdiction during the pendency of a remand for an agency determination of specific limited factual issues. Once the circuit court ruled that the Department had erred in dismissing plaintiff's departmental appeal, a remand to the Department for a determination of plaintiff's eligibility was required; section 3—102 foreclosed consideration of other matters, such as the substantive issues of plaintiff's AABD eligibility, which the Department had yet to consider on review.

The circuit court's ruling understandably appears to have been motivated by its recognition of the inequity of the Department's dismissal of plaintiff's appeal, plaintiff's apparent eligibility for AABD benefits and the protracted nature of her pursuit of those benefits as necessitated by the Department's posture in these matters. Nevertheless, the circuit court's determination of plaintiff's eligibility while sitting as a court of review exceeded the jurisdiction conferred by article III of the Code. Accordingly, the finding of plaintiff's eligibility must be vacated and the cause remanded to the Department for an administrative determination of plaintiff's eligibility.

### III

Relying upon *Brengola-Sorrentino v. Department of Public Aid* (1984), 129 Ill. App. 3d 566, 472 N.E.2d 877, plaintiff contends that the circuit court erred in reducing her AABD coverage period from May 1982 onward to October 1982 onward. The Department has not responded to this argument other than by contending that it is irrelevant since the order conferring AABD eligibility onto plaintiff was beyond the scope of the court's jurisdiction.

Consonant with our determination that the circuit court erred in prematurely ruling on plaintiff's AABD eligibility, we do not reach this issue.

Accordingly, the circuit court's dismissal of the Department's motion to vacate (No. 86—3144) and its finding that the Department erred in dismissing plaintiff's appeal as untimely (No. 86—1241) are affirmed; the circuit court's determination of plaintiff's eligibility for AABD benefits (No. 86—1241), must be reversed.

Affirmed and remanded in part; reversed in part.

STAMOS and BILANDIC, JJ., concur.