Ron OLIVER, President,
First Arkansas Bail Bonds, Inc., *Petitioner* v. PULASKI
COUNTY CIRCUIT COURT, *Respondent*; Jamie Mann and
Affordable Bail Bonds, Inc., *Interveners*

00-33                                                        8 S.W.3d 35

Supreme Court of Arkansas
Opinion delivered January 20, 2000

*Gruber Law Firm*, by: *Wayne A. Gruber*, for petitioner.

No response.

PER CURIAM. On January 11, 2000, Ron Oliver, president of First Arkansas Bail Bonds, Inc., filed a petition for writ of prohibition in this court pertaining to the taking of his deposition by Jamie Mann and Affordable Bail Bonds, Inc. (hereinafter referred to as Mann). Oliver contends in his petition that the circuit court lacks jurisdiction to subpoena him and his records for a deposition once that court remands the matter to an administrative board. Oliver also filed an Application for Temporary Relief to stay all further action relating to the deposition pending a decision on his prohibition petition.

The facts leading up to Oliver's petition are these. Mann received an adverse decision from the Professional Bail Bondsman

Licensing Board and filed a petition for judicial review in the Pulaski County Circuit Court with the Licensing Board and Arkansas Professional Bail Bond Company as respondents. On September 14, 1999, the circuit court, by agreement of the parties, remanded the matter back to the Licensing Board for the presentation of additional evidence and for additional findings by that board, if necessary. Thereafter, Mann sought to take Oliver's deposition, and on September 23, 1999, a subpoena duces tecum was issued to Oliver by the Pulaski County Circuit Clerk and served by the Pulaski County Sheriff's office. Mann's notice of the Oliver deposition which was rescheduled for January 12, 2000, was filed on January 10, 2000, with the Pulaski County Circuit Clerk. Oliver moved to quash the deposition, and the circuit court denied the motion. Oliver's petition for a writ of prohibition followed.

■ Oliver's petition in this court raises the novel issue of whether the circuit court loses jurisdiction once the matter is remanded to the administrative board for additional proceedings. We ask for simultaneous briefs on this issue to be filed with this court by the parties and interveners no later than close of business on Thursday, February 3, 2000, and reply briefs filed by Thursday, February 10, 2000. Mann has filed a motion to intervene in the matter now pending before this court. That motion is granted.

■ The deposition of Oliver pursuant to the subpoena issued by the circuit clerk is temporarily stayed pending the resolution of the jurisdictional question. The motion for clarification filed by the interveners with respect to a hearing to be held before the Licensing Board on January 14, 2000, is denied.