The ARKANSAS PUBLIC DEFENDER COMMISSION *v.*
The Honorable David BURNETT

99-1262                                    12 S.W.3d 191

Supreme Court of Arkansas
Opinion delivered January 27, 2000
[Petition for rehearing denied March 2, 2000.]

*Mark Pryor*, Att'y Gen., by: *Robert Russell*, Chief Deputy Att'y Gen., and *Patricia Van Ausdall Bell*, Ass't Att'y Gen., for petitioner.

*Sloan, Rubens & Peeples*, by: *Kent J. Rubens*; and *McDaniel & Wells, P.A.*, by: *Dustin McDaniel*, for respondent.

RAY THORNTON, Justice. The petitioner, The Arkansas Public Defender Commission (the Commission), asks this court to issue a writ of prohibition against respondent, Craighead County Circuit Judge David Burnett, and in its petition alleges that the judge was wholly without jurisdiction to order the Commission to pay legal fees for attorneys the trial court appointed to represent two minors in a civil action. We granted the Commission's request for expedited consideration of the matter and had the parties brief the issues for our review. We treat the petition as one of *certiorari* and grant the writ in the Commission's favor.

The issue in this petition arises from a civil suit filed in Craighead County (the county) against Mitchell Johnson and Andrew Golden, the minors convicted of the March 1998 killings of four students and a teacher in Jonesboro. The suit, filed by the victims' families, also named the minors' parents, the gun manufacturer, and several other parties as defendants in the suit.

At the time the civil suit was filed, Johnson and Golden were in the custody of the Department of Human Services's Division of Youth Services (DHS). DHS petitioned the trial court to appoint lawyers for the minor defendants, contending that as an arm of the executive branch it could not provide a defense in a civil action. Relying upon Ark. Code Ann. § 14-20-102 (Repl. 1998), which established a county fund providing, among other things, for the discretionary appointment of counsel for minors in a civil action, the trial court appointed attorneys *ad litem* for the minors.

The county sought to intervene, seeking reconsideration of the court's order and contending that the applicable statute relating to payment for counsel was Ark. Code Ann. § 16-61-109 (1987) which provides that plaintiffs in the civil suit should be required to pay the attorney's fees for minors in a civil action. The county then filed a supplemental motion to reconsider or clarify the original

orders appointing attorneys *ad litem*. The county argued that the original orders did not specifically detail who was responsible for covering the cost of the minors' attorneys.

On October 11, 1999, the trial court entered an order of clarification that denied the county's request to intervene and noted that a substantial portion of the funds which had been established in the county for the purposes stated in Ark. Code Ann. § 14-20-102 had been allocated to the Commission pursuant to Ark. Code Ann. § 16-10-307 (Supp. 1999). The court then ordered the Commission to pay the attorneys' fees for the minors in the civil suit.

The Commission had not participated in any way in either the underlying civil action or in the proceedings relating to the appointment and payment of attorneys for the minor defendants. Contending that the trial court's order violated the constitutional protection of sovereign immunity, the Commission filed a petition for a writ of prohibition against the trial court's order in this court. The trial court's order appears to have transferred the statutory authority of the county to pay such fees to the Commission, but does not reflect any consideration of other alternatives, such as the appointment of guardians *ad litem*, or charging attorney's fees to the plaintiffs.

■■ We hold that although the Commission has sought a writ of prohibition, a writ of *certiorari* is the more appropriate remedy. A writ of prohibition cannot be invoked to correct an order already entered, and where, as here, the lower court's order has been entered without or in excess of jurisdiction, we carve through the technicalities and treat the application as one for *certiorari*. *Bates v. McNeil*, 318 Ark. 764, 888 S.W.2d 642 (1994). A writ of *certiorari* lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. *Hanley v. Arkansas State Claims Comm'n*, 333 Ark. 159, 970 S.W.2d 198 (1998). These principles apply when a petitioner claims that the lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. *Id*. We also note that neither the county nor DHS are participating in this proceeding, and on the record before us we cannot evaluate DHS's appearance in the case.

■ We choose to treat the petition as a writ of *certiorari* and determine only whether the Commission was protected by the doctrine of sovereign immunity, thereby rendering the trial court's order for the Commission to pay attorneys' fees a plain, manifest, clear, and gross abuse of its discretion. Article 5, Section 20, of the Arkansas Constitution provides that "the State of Arkansas shall never be made defendant in any of her courts." *Id.* We have held that this constitutional prohibition is not merely declaratory that the state could not be sued without her consent, but that all suits against the state were expressly forbidden. *Brown v. Arkansas State HVACR Lic. Bd.*, 336 Ark. 34, 984 S.W.2d 402 (1999); *Beaulieu v. Gray*, 288 Ark. 395, 398, 705 S.W.2d 880, 881 (1986); *Page v. McKinley*, 196 Ark. 331, 336, 118 S.W.2d 235 (1938). Where the pleadings show that the action is, in effect, one against the state, the trial court acquires no jurisdiction. *Brown, supra.* Further, where a suit is brought against an agency of the state with relation to some matter in which the appellee represents the state in action and liability, and the state, though not a party of record, is the real party in interest so that a judgment for the plaintiff would operate to control the action of the state or subject the state to liability, the action is, in effect, one against the state and is prohibited by the constitutional bar. *Id.*

■■ We have also held that tapping the State's treasury for payment of damages will render the State a defendant and violate the principles of sovereign immunity. *Newton v. Etoch*, 332 Ark. 325, 965 S.W.2d 96 (1998); *State Office of Child Supp. Enforcem't v. Mitchell*, 330 Ark. 338, (1997); *Arkansas Dep't of Human Servs. v. State*, 312 Ark. 481, 850 S.W.2d 847 (1993). Unless sovereign immunity is waived, the doctrine prohibits imposing liability upon the State. We have recognized two exceptions to the doctrine of sovereign immunity: (1) where the State is the moving party seeking specific relief; and (2) where an act of the legislature has created a specific waiver of immunity. *Cross v. Arkansas Livestock & Poultry Comm'n*, 328 Ark. 255, 943 S.W.2d 230 (1997); *Fireman's Ins. Co.*, 301 Ark. 451, 784 S.W.2d 771; *Parker v. Moore*, 222 Ark. 811, 262 S.W.2d 891 (1953).

■■ In the present case, the Commission's sovereign immunity has not been waived. First, the Commission, which is not a party to the civil suit, neither entered its appearance in the matter nor sought specific relief from the trial court. Further, the Commission's sovereign immunity has not been waived statutorily by the General Assembly. The two statutes relied upon by the trial court

do not impose an obligation upon the Commission to provide attorneys' fees for minors in civil suits. Specifically, Ark. Code Ann. § 14-20-102 states:

> (a)(1) There is hereby created on the books of the treasurer of each county in the state a fund to be used for the purpose of paying reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses and in the representation of persons against whom involuntary admissions procedures for mental health or alcohol and narcotic commitments or criminal commitments have been brought, and for representation *in civil and criminal matters* of persons deemed incompetent by the court due to *minority* or mental incapacity, which have been brought in any trial courts, chancery courts, juvenile courts, probate courts, or city or county division of municipal courts, including, but not limited to, investigative expenses, expert witness fees, and legal fees.

*Id.* (Emphasis added.) The statute that allocated a portion of county funds established by Ark. Code Ann. § 14-20-102 to the Commission, Ark. Code Ann. § 16-10-307, does not contain language authorizing the Commission to expend public funds for civil representation of a minor. The duties of the Commission in Ark. Code Ann. § 16-87-306 (Supp. 1999) are stated as follows:

> The public defender in each judicial district shall have the following duties:
>
> (1) Defend indigents within the district as determined by the circuit, municipal, city, police, juvenile, probate, or chancery courts in the district in *all felony, misdemeanor, juvenile, guardianship, and mental health cases, all traffic cases punishable by incarceration, and all contempt proceedings punishable by incarceration;*

*Id.* (Emphasis added.)

There is no declaration of legislative intent to waive the Commission's sovereign immunity, nor is there any requirement that the Commission have responsibility for attorney's fees in civil cases. Specifically, the instruction of Ark. Code Ann. §§ 16-10-307 and 16-87-306 is to provide representation for indigents in cases in which there is a potential for loss of liberty. The provision of Ark. Code Ann. § 14-20-102, granting authority for the trial court to appoint attorneys for minors in civil litigation to be paid by county funds, was not incorporated in the statutes establishing and defining the duties and responsibilities of the Commission.

As the county is not a party to this proceeding, we make no determination as to whether the county may be required to pay the attorneys' fees under the provisions of Ark. Code Ann. § 14-20-102. Neither do we address questions relating to the responsibility of the parents, the plaintiffs, the custodians, or the guardians of the minor defendants.

■ From the record before us we conclude that there has been no waiver of the Commission's sovereign immunity. It follows that the Commission is protected by the doctrine of sovereign immunity and is not responsible for paying the minors' attorneys' fees. Accordingly, the trial court's order forcing the Commission to pay the minors' attorneys' fees was a plain, manifest, clear, and gross abuse of its discretion requiring the issuance of a writ of *certiorari* to protect the sovereign immunity of the Commission.

Writ of *certiorari* granted.

CORBIN, J., not participating.

IMBER, J. concurs.