Ron OLIVER, President, First Arkansas Bail
Bonds, Inc. *v.* PULASKI COUNTY CIRCUIT COURT;
Arkansas Professional Bail Bond Company and
Professional Bail Bondsman Licensing Board,
Interveners; Jamie Mann and Affordable
Bail Bonds, Inc., Interveners

00-33                                             13 S.W.3d 156

Supreme Court of Arkansas
Opinion delivered March 23, 2000

*Gruber Law Firm*, by: *Wayne A. Gruber*, for petitioner.

*Mark Pryor*, Att'y Gen., by: *Larry E. Crane*, Ass't Att'y Gen., for interveners Arkansas Professional Bail Bond Company and Professional Bail Bondsman Licensing Board.

*Lueken Law Firm*, by: *Patty W. Lueken*, for interveners Jamie Mann and Affordable Bail Bonds, Inc.

LAVENSKI R. SMITH, Justice. Petitioner, Ron Oliver, along with Interveners, Arkansas Professional Bail Bond Company ("Arkansas Professional") and the Professional Bail Bondsman Licensing Board ("the Board"), seek a Writ of Prohibition against the Pulaski County Circuit Court. Oliver contends that the court exceeded its authority in issuing several subpoenas duces tecum after having remanded the matter to the Board for additional evidentiary development. Intervener Jamie Mann and his employer, Affordable Bail Bonds, Inc. ("Affordable"), contest the issuance of the writ. We have jurisdiction of this case pursuant to Arkansas Supreme Court Rule 1-2(a)(3). Petition denied.

*Facts*

This dispute arises out of an underlying disciplinary action before the Board. The Baxter County Sheriff filed a complaint in 1997 against Affordable and Mann. The complaint alleged that they had violated several provisions of the Bail Bondsman Licensing laws, codified at Ark. Code Ann. § 17-19-101 et. seq., as well as the rules and regulations promulgated by the Board regulating the profession. The Board held a hearing on October 24, 1997. On November 12, 1997, the Board issued its decision finding that Mann and Affordable had indeed violated several provisions of the Bail Bondsman Licensing statutes. The Board suspended Mann's license for a total of eight months for violations in two separate incidents in which Mann participated. The Board also fined Affordable $2,500 and suspended the company's operating license for sixty days for one of the incidents.

Pursuant to Ark. Code Ann. § 17-19-209(g) (Supp. 1997), Mann and Affordable appealed to the Pulaski County Circuit Court for a *de novo* review of the Board's decision. Before the circuit court could hear the matter, the Arkansas Legislature enacted Act 1477 of 1999. This Act, codified at Ark. Code Ann. § 17-19-209(g), eliminated the right for a *de novo* review in the circuit court of the Board's decisions. Instead, the legislature required that all appeals from the Board be reviewed pursuant to the Arkansas Administrative Procedures Act ("APA"), codified at Ark. Code Ann. § 25-15-101 et seq. Based upon this change in the law, the Board argued to the circuit court that the circuit court was bound by the record from the underlying Board hearing. They contended the amendment to the law would apply immediately because the change was procedural rather than substantive in nature. Mann and Affordable objected, arguing that it would be prejudiced by retroactive application of the new law. They asserted that the existence of a *de novo* review by the circuit court influenced their trial strategy before the Board. Mann and Affordable argued that if the amended manner of review applied, they should be entitled to a remand to develop the record thoroughly before the Board prior to appellate review. In addition, Mann and Affordable argued that evidence of bias of one of the Board members had not been developed before the Board. On September 15, 1999, the circuit court in an agreed order found that the amended manner of review would apply to the case in

accordance with the APA. However, the court then remanded the case to the Board for further proceedings to permit Mann and Affordable to develop the factual record. In doing so, the circuit court analogized Mann's and Affordable's argument to an application to present additional evidence pursuant to Ark. Code Ann. § 25-15-212(f), which allows the circuit court to order the Board to take additional evidence and modify its decision accordingly. The circuit court ordered that the case be remanded "for proceedings consistent with" Ark. Code Ann. § 25-15-212(f).

Following the remand order, Mann and Affordable apparently suspected a potential conflict with one of the Board members hearing the case. Mann and Affordable believed that the Board member, Charles Pearson, had been an owner or stockholder at Oliver's company, First Arkansas Bail Bonds ("First Arkansas"). First Arkansas was Affordable's only local competition. As such, Mann and Affordable wished to take Oliver's deposition to develop this information prior to the Board hearing on remand. They intended to show that Pearson held a pecuniary interest in voting for Mann's and Affordable's suspension. To compel this deposition, Mann and Affordable sought and received an order from the circuit court to depose Oliver. The circuit court issued a subpoena duces tecum on September 23, 1999, eight days after the circuit court remanded the matter to the Board for a new hearing. Mann filed notice of the Oliver deposition with the Pulaski County Circuit Clerk on January 10, 2000. Oliver moved to quash the deposition, and the circuit court denied the motion. Oliver filed his petition for writ of prohibition in this court on January 11, 2000. Oliver also filed an Application for Temporary Relief to stay all further action relating to the deposition pending a decision on his prohibition petition. In a per curiam decision delivered on January 20, 2000, this court requested that the parties brief the issues.[1] We stayed Oliver's deposition pending the outcome of the matter, and also allowed Mann and Affordable, as well as Arkansas Professional and the Board, to intervene in the appeal.

---

[1] *Oliver v. Pulaski County Circuit Court*, 340 Ark. 199, 8 S.W.3d 35 (2000).

*Standard of Review*

While Oliver filed this matter as a petition for writ of prohibition, it is apparent that the petitioner is actually seeking a writ of certiorari. The remedy Oliver seeks in quashing the subpoena is directed towards an action already taken by the circuit court as opposed to some prospective action. A writ of prohibition will not lie for actions already taken. We recently listed the requirements for a writ of prohibition in *Pike v. Benton Circuit Court*, 340 Ark. 311, 10 S.W.3d 447 (2000), where we stated:

> A writ of prohibition is extraordinary relief which is appropriate only when the trial court is wholly without jurisdiction. *Henderson Specialties, Inc. v. Boone County Circuit Court*, 334 Ark. 111, 971 S.W.2d 234 (1998); *Nucor Holding Co. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Henderson Specialties, Inc. v. Boone County Circuit Court, supra*; *West Memphis Sch. Dist. No. 4 v. Circuit Court*, 316 Ark. 290, 871 S.W.2d 368 (1994) (quoting *National Sec. Fire & Cas. Co. v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992)). When deciding whether prohibition will lie, we confine our review to the pleadings in the case. *The Wise Company, Inc. v. Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6 (1993); *State v. Circuit Court of Lincoln County*, 336 Ark. 122, 125, 984 S.W.2d 412, 414 (1999). We have further held that we do not issue a writ of prohibition for something that has already been done. *Holmes v. Lessenberry*, 297 Ark. 23, 759 S.W.2d 37 (1988) (per curiam).

The writ of certiorari, unlike prohibition, can address actions already taken by the lower court. We stated our approach to this issue in the recent case of *Arkansas Public Defender Comm. v. Burnett*, 340 Ark. 233, 12 S.W.3d 191 (2000). There we pointed out that when circumstances warrant, we will treat a petition for writ of prohibition as though it were correctly filed as a petition for writ of certiorari. We stated:

> We hold that although the Commission has sought a writ of prohibition, a writ of certiorari is the more appropriate remedy. A writ of prohibition cannot be invoked to correct an order already entered, and where, as here, the lower court's order has been entered without or in excess of jurisdiction, we carve through the technicalities and treat the application as one for certiorari. *Bates v. McNeil*, 318 Ark. 764, 888 S.W.2d 642 (1994). A writ of certiorari

> lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. *Hanley v. Arkansas State Claims Comm'n*, 333 Ark. 159, 970 S.W.2d 198 (1998). These principles apply when a petitioner claims that the lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. *Id.*

*Burnett*, 340 Ark. at 236.

■ In sum, we will grant a writ of certiorari only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Cooper Communities, Inc. v. Benton County Circuit Court*, 336 Ark. 136, 984 S.W.2d 429 (1999). It is not to be used to look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of facts, or to reverse a trial court's discretionary authority. *Juvenile H. v. Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992).

### The Trial Court's Jurisdiction

On appeal, Oliver contends that the circuit court lacked jurisdiction to subpoena him and his records for a deposition once that court remanded the matter to an administrative board. Oliver argues that an appellate court loses jurisdiction after issuance of its mandate or after remand. As such, the Board, not the circuit court, has the authority to issue subpoenas when it has the case. Interveners Arkansas Professional and the Board support this argument, and also contend that jurisdiction cannot lie in two tribunals at the same time. These interveners also argue that the Board has the power to issue subpoenas, and Mann and Affordable could have conducted discovery under jurisdiction of the Board prior to the hearing on remand. To the contrary, Mann and Affordable argue that a writ of prohibition is not the appropriate remedy here because the proof sought from Oliver in his deposition has to do with a procedural matter over which the circuit court maintains jurisdiction. Mann and Affordable argue that the type of remand contemplated in Ark. Code Ann. § 25-15-212(f) allows the circuit court to retain jurisdiction over the matter while the Board hears additional evidence and modifies its decision if necessary. Mann and Affordable further argue that Ark. Code Ann. § 25-15-212(g) allows the circuit court

to retain jurisdiction when alleged procedural irregularities exist before the agency.

■ Oliver argues that the circuit court in the administrative-appeals process is analogous to an appellate court. Hence, just as an appellate court's jurisdiction ends with the issuance of a mandate or upon remand, so would the circuit court's. *See Cooper Communities, supra; First Pyramid Life Ins. Co. v. Stoltz,* 312 Ark. 516, 849 S.W.2d 525 (1993); *Brimson v. Brimson,* 228 Ark. 562, 309 S.W.2d 29 (1958). This general rule would seem to support Oliver's argument that once the circuit court remanded the case to the Board, it lost all jurisdiction to issue the subpoena duces tecum to Oliver, as then only the Board had the authority and power to issue the subpoena. However, the circuit court's role as a reviewing court of administrative appeals is not the same as that of an appellate court. Mann and Affordable argue that Ark. Code Ann. § 25-15-212(f), the statutory section to which the circuit court referred in its remand order, actually allows the circuit court to retain jurisdiction. We agree. Ark. Code Ann. § 25-15-212(f) states:

> (f) If before the date set for hearing, application is made to the court for leave to present additional evidence and the court finds that the evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon any conditions which may be just. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

It was under this section of the APA that the circuit court remanded the matter to the Board after the parties agreed that the circuit court no longer could conduct a *de novo* review of the Board's original proceeding but instead must follow the APA requiring the circuit court to conduct an appellate review of the Board's proceedings. Ark. Code Ann. § 25-15-212(f) contemplates a reservation of jurisdiction in the reviewing court in that it expressly requires that upon remand the agency "shall file that evidence and any modifications, new findings, or decisions with the reviewing court." A remand ends a proceeding before an appellate court, and it has nothing further to do. Here, however, the circuit court remains a reviewing court and retains continuing jurisdiction over the appeal. After the board completes its action, the circuit court may then proceed with

its consideration of the appeal on the merits. *See Hickory Hills Limited Partnership, et. al., v. Secretary of State of Maryland*, 84 Md.App. 677, 581 A.2d 834 (1990); *See also, Rosecky v. Illinois Department of Public Aid*, 147 Ill.App.3d 608, 511 N.E.2d 167 (1987). We also note that Ark. Code Ann. § 25-15-214 authorizes the Pulaski County Circuit Court to command agencies failing or refusing to act to the injury of any person or their property to do so where the agency acts unlawfully, unreasonably, or capriciously. This authority would seem to apply to any stage of the proceedings.[2]

■ We hold that the petitioner has fallen short in establishing that there has been a plain, manifest, clear, and gross abuse of discretion without any other remedy such as appeal. Nor has petitioner shown that the circuit court is wholly without jurisdiction. On the record before us, we cannot say that the trial court exceeded its jurisdiction in issuing subpoenas to Oliver.

Petition denied without prejudice.

GLAZE and BROWN, JJ., concur.

TOM GLAZE, Justice, concurring. I concur. The intervenors, Jamie Mann and Affordable Bail Bonds, Inc., received an adverse decision from the Professional Bail Bondsman Licensing Board and appealed that decision to circuit court, which subsequently remanded to the Board for additional evidence. Although the Board had authority, Ark. Code Ann. § 17-19-209(f)(Supp. 1999), to issue subpoenas to compel attendance of witnesses and the production of evidence, interveners obtained their subpoenas from the circuit court that had remanded their case to the Board. Interveners issued subpoenas for Ron Oliver, Board member Charles Pearson, and two Board employees. Through these witnesses, interveners sought to challenge Pearson's qualifications to serve on the Board. Oliver and the Board asked the circuit court to quash the subpoenas, stating (1) the court had no jurisdiction to issue subpoenas after it remanded the case to the Board, (2) the Board had no authority to hear questions bearing on a member's qualifications,

---

[2] We note that although the language in §214 mentions the chancery court that the case of *Harber v. Rhodes*, 248 Ark. 1188, 455 S.W.2d 926 (1970), declared the section unconstitutional as to the chancery court, but the remainder of the language would still be applicable to the circuit court.

and (3) similar to point (2), Pearson's credentials could not be attacked in a proceeding before the Board.

It appears clear from the record that the Board had no intention of issuing subpoenas to allow interveners to present or proffer testimony on why they believed Pearson should not sit as a Board member at a scheduled hearing of their case. It has long been settled that the law never requires the performance of a vain and useless act. *Leggett v. Kirby*, 231 Ark. 576, 331 S.W.2d 267 (1960). Since interveners were made aware that the Board's position was that it had no authority to allow interveners to question Pearson's credentials, they were compelled to seek relief from the court.

Ark. Code Ann. § 17-19-209(d)(3) (Supp. 1999) specifically provides the circuit court with authority to enforce the Board's subpoenas, and Ark. Code Ann. § 17-19-209(g) permits a party to appeal to the circuit court any order of the Board as a matter of right. Ark. Code Ann. § 17-19-209(c) also provides that Board hearings shall be conducted in the same manner as those under the Arkansas Administrative Procedure Act (APA), and the APA provides under Ark. Code Ann. § 25-15-214 (Repl. 1996), as follows:

> In any case of rule making or adjudication, if an agency shall unlawfully, unreasonably, or capriciously fail, refuse, or delay to act, any person who considers himself injured in his person, business, or property by the failure, refusal, or delay may bring suit in the [circuit] court of any county in which he resides or does business, or in the [Circuit] Court of Pulaski County for an order commanding the agency to act.[1]

As is obvious from a reading of the provisions above, the circuit court's jurisdiction may be invoked for a number of reasons after the court remands a case to an agency or board for a hearing. In the unique circumstances presented here, interveners called upon the circuit court to obtain subpoenas.

While I join the majority opinion in denying a writ of certiorari in these circumstances, I do not read the court's opinion to permit a party to circumvent the procedures set out in § 17-19-209

---

[1] Section 25-15-214 is codified as reading "may bring suit in the chancery court," but the designation of chancery court was held unconstitutional, and this court held it was appropriate to transfer such matters to circuit court. *See Harber v. Rhodes*, 248 Ark. 1188, 455 S.W.2d 926 (1970).

when they seek subpoenas or other evidence. Once again, the Board here effectively prevented the Interveners from utilizing § 17-19-209 by disclaiming any authority to issue subpoenas in this case or to hear questions bearing on a Board member's qualifications. While the Board might eventually prevail in its arguments, such points must necessarily be presented on appeal.

BROWN, J., joins this concurrence.

