### BATESVILLE *v.* BALL.

Opinion delivered October 30, 1911.

1. CIRCUIT COURT—JURISDICTION ON APPEAL.—Under Kirby's Digest, § 1487; providing that appeals shall be granted as a matter of right from all final orders and judgments of the probate court, and § 1492, providing that "the circuit court shall proceed to try all such appeals *de novo* as other cases at law," where a cause is appealed to the circuit court from the county court, the former court obtains jurisdiction to the same extent as if it had been originally brought in that court, and should enter a final judgment therein, and can then remand the same to the county court with directions to enter such judgment. (Page 499.)

2. APPEAL AND ERROR—FINAL ORDER.—An order of the circuit court, on appeal from the county court improperly refusing to entertain jurisdiction, and remanding the cause to the latter court for further proceedings, is a final order, and is appealable. (Page 499.)

3. SAME—FINAL ORDER.—An order of the circuit court holding that a municipal ordinance was legally passed is not a final order or judgment from which an appeal will lie, as such order did not necessarily determine the merits of the cause. (Page 500.)

4. MUNICIPAL CORPORATIONS—ANNEXATION OF TERRITORY—PROCEDURE. —Under Kirby's Digest, § 5519, providing that when any municipal corporation shall desire to annex any contiguous territory thereto lying in the same county, it shall be lawful for the council to submit the question to the qualified electors," etc., without providing for the mode of submission, *held* that such question could be submitted by the council by resolution merely of a majority of the quorum of the council, and need not be passed by an affirmative vote of two-thirds of all the members elected to the counsel, as in case of ordinances. (Page 501.)

Appeal from Independence Circuit Court; *R. E. Jeffery,* Judge; reversed.

*Ernest Neill, S. A. Moore* and *Samuel M. Casey,* for appellant.

1. Having obtained jurisdiction of this cause by regular appeal, the circuit court should have tried it *de novo,* and disposed of the case in its entirety, and rendered such judgment as the county court should have rendered. Kirby's Dig. § 1492; 33 Ark. 508, 511; 34 Ark. 240, 243, 244; 43 Ark. 324; *Id.* 42; 79 Ark. 504.

2. It was not necessary, in order to submit the proposed annexation question to the voters, for the council to pass an ordinance. It may be done either by ordinance, resolution

or motion duly carried and made of record. Kirby's Dig., § 5519; 33 Ark. 508; Anderson's Law Dict. 143; 34 Cyc. 1667-1668; 10 Cur. Law, 892; 3 L. R. A. 261; 3 Am. & Eng. Ann. Cas. 651.

3. If the ordinance be construed to be of a general and permanent nature, such as is contemplated by § 5481, Kirby's Digest, it was, as such, legally passed. The language of that statute, requiring a two-thirds vote of the members composing the council in order to suspend the rules, means two-thirds of the quorum of members of the council then present and transacting business. 144 U. S. 325; 1 Dillon, Mun. Corp. 295.

*Oldfield & Cole*, for appellees; *McCaleb & Reeder*, of counsel.

1. This appeal is premature. There was no judgment terminating the litigation, no final disposition of the matters involved. The order of the circuit court "that this cause be remanded to the county court with direction that said court entertain jurisdiction thereof, and proceed to hear and determine the same upon its merits" was no such final order or judgment from which an appeal will lie. Kirby's Dig., § 1188; 4 Ark. 630; 5 Ark. 301; *Id.* 638; 25 Ark. 331; 74 Ark. 352; 91 Ark. 231, 238; 85 U. S. 628, 21 L. Ed. 813; 148 Ill. 25.

An appeal will not lie unless there has been a final disposition of a case as to all parties. 15 Ark. 401; 156 U. S. 339, 39 L. Ed. 441; 11 S. W. (Tex.) 531; 12 S. W. (Tex.) 750.

2. The initial step in this matter was the alleged passage of the ordinance No. 302, accurately defining the boundary line of the new territory. That it falls with the terms of the statute, Kirby's Dig., § 5481, "of a general or permanent nature," is shown by the fact that it prescribed the boundary of the proposed new territory. If adopted, it alone would be the basis of defining the city limits until changed as prescribed by law. 49 N. E. (Ohio) 335.

This ordinance was not legally passed, since there was no compliance with that part of the statute providing that the rules can be suspended only by a two-thirds vote of "the members composing the city council." Kirby's Dig., § 5481. The aldermen, together with the mayor, compose the city council. *Id.* § 5589; 2 N. W. (Ia.) 436; 20 Ind. 315.

FRAUENTHAL, J. The council of the city of Batesville submitted to the qualified electors thereof the question of

annexing certain contiguous territory to said city, and at the annual election a majority voted in its favor. In submitting said question, the council passed an ordinance providing for such annexation and for the submission of the question at such election. Said ordinance was passed at a regular meeting of the city council when only five of its seven members were present. Under a suspension of the rules, the ordinance was read three several times, but only four of the members voted for such suspension of the rules. Thereafter, the city of Batesville by its attorney presented to the Independence County Court a petition praying for such annexation. To the granting of said petition, G. W. Ball and others, who were residents and land owners of the territory proposed to be annexed to said city, filed a remonstrance for numerous reasons. Among these were that said ordinance submitting the question of the annexation of said territory was never legally passed and adopted by the city council. It was also contended that it was not fit or proper, as affecting the interests and convenience of the public, to annex said territory. Other parties filed separate remonstrances to the granting of said petition for annexation.

The county court held that the ordinance passed by the city council providing for submission of the question of such proposed annexation to the electors of the said city was not legally passed and adopted, and for that reason dismissed the petition. From this judgment and order of the county court the city of Batesville appealed to the circuit court.

Upon a hearing of the matter in the circuit court, that court held that said ordinance was legally passed and adopted by the city council, and that the county court had improperly refused to entertain jurisdiction of the cause. It further held that, inasmuch as the county court had never exercised its discretion and passed upon the merits of the petition for annexation, the circuit court was without jurisdiction to hear and determine same. It thereupon ordered and adjudged that "the cause be remanded to the county court with directions that said court entertain jurisdiction thereof, and proceed to hear and determine same upon its merits." From this judgment of the circuit court, the city of Batesville took an appeal.

The remonstrants excepted to the ruling of the circuit court holding that said ordinance submitting the question of

annexation to the electors of said city was legally passed and adopted, and from such ruling prayed an appeal to this court.

It is insisted by counsel for the city of Batesville that the circuit court should have retained jurisdiction of the cause after the same had been appealed to that court, and should have tried the matter *de novo* and upon its merits, and that it erred in remanding the same to the county court for further proceedings.

It is provided by section 1487 of Kirby's Digest that appeals shall be granted as a matter of right from all final orders and judgments of the county court. By section 1492 of Kirby's Digest it is provided: "The circuit court shall proceed to try all such appeals *de novo* as other cases at law." Under these provisions of the statute, it is the duty of the circuit court, when a cause is appealed from the county court, to hear the matter *de novo*, and to try the cause and to exercise the same discretion therein in the same manner in which the county court might have done originally. When a cause is appealed from the county court to the circuit court, the latter court obtains jurisdiction over the matter to the same extent as if it had been originally brought in that court, and it must proceed to fully try and determine the cause. It does not pass upon the question as to whether or not the county court has committed error in any of its rulings, either of law or of fact, but it must try the cause upon its merits, both of law and of fact, just as if it had been originally brought in the circuit court. It does not either affirm or reverse the findings or judgment of the county court, but tries the cause alone upon its merits, and determines the same by the exercise of its own discretion and judgment. It must come to a final determination of the matter, and enter a final judgment thereon. After such final judgment has been made by it, it can then order the same back to the county court with directions to enter such judgment as it has made; but it has no authority to remand the cause with power to the county court to proceed further therein as it may determine. It is true that matters relating to the annexation of territory to municipalities are different from ordinary suits or judicial proceedings, and are largely of a political nature. The Legislature has originally confided to the county court the discretion of passing upon the fitness

and propriety of annexing territory to the municipality, and of determining whether or not it is to the best interests and convenience of the public to do so. When such questions have been determined by the county court, they should and do have great persuasive effect; but when the matter is appealed to the circuit court, the cause is then tried anew by that court, which must pass its own judgment thereon. The circuit court does not, and should not, regard the view of the matter taken by the county court any further than as the same may be persuasive. Having this jurisdiction of the cause, and being clothed with this power and discretion, the circuit court erred in not trying the matter anew, and in remanding the same to the county court. *Dodson* v. *Fort Smith,* 33 Ark. 508; *Phillips County* v. *Lee County,* 34 Ark. 240; *Foreman* v. *Marianna,* 43 Ark. 324; *Vestal* v. *Little Rock,* 54 Ark. 321; *Freeman* v. *Lazarus,* 61 Ark. 247; *Marion County* v. *Estes,* 79 Ark. 504; *Smith* v. *Van Gilder,* 26 Ark. 527; *Grider* v. *Apperson,* 38 Ark. 388; *Wilson* v. *Hinton,* 63 Ark. 145.

It is urged by counsel for appellee that the order of the circuit court remanding said cause to the county court for further proceedings was not a final judgment from which an appeal could be taken to this court. It has been said that it is difficult to accurately define a final judgment or order from which an appeal lies. But it may be correctly said that a final judgment from which an appeal will lie is one that either terminates the action itself, or operates to divest some right in such a manner as to put it out of the power of the court making the order to place the parties in their former condition after the expiration of the term. An interlocutory order or judgment from which an appeal will not lie relates only to some question of law or matter of practice in the course of the proceeding, and leaves something remaining to be done by the court entering the order, or by some other court having jurisdiction to entertain the same, and to proceed further therewith. When a lower court renders a final judgment upon which an execution may issue, or one dismissing the cause or the appeal, it thereby puts it out of the power of such court making the order after the expiration of the term to place the parties in their former condition, and thereby divests them of their rights, and such judgment or order is therefore final, and an appeal can be taken

therefrom. Sec. 6228 of Kirby's Digest provides that a "judgment is the final determination of the rights of the parties in an action." Such determination is arrived at upon a trial, which is a judicial examination of the issues, whether of law or of fact, in the action. When an issue of law or of fact is passed upon by a court, and an order is made by it which determines the rights of the parties in the action finally so far as that court is concerned, then such order becomes the final determination of the cause from which an appeal will lie.

The order made by the circuit court in this case, refusing to entertain jurisdiction of the case and remanding it to the county court, was in fact a dismissal of the appeal and a final determination of the case. It was not proper to remand the case to the county court for further trial or proceedings therein. It was error to make such order. In refusing to entertain jurisdiction of the matter and to finally pass on the same, it in effect dismissed the same, and, as far as the circuit court was concerned, this was a final order made by it.

Counsel for appellee urge that the order remanding the cause to the county court was but a transfer thereof to another court for trial, and in support of their contention that the same was not such a final order as was appealable they refer us to the case of *Womack* v. *Connor*, 74 Ark. 352. In that case, however, the order was made by the chancery court transferring the case to the circuit court, and it was held that no appeal could be taken from such an order, but that it was within the discretion of the chancery court, and it was its duty, if the issues involved in the cause were only of a legal nature, and had no equitable elements, to transfer the cause to the circuit court; and upon such transfer the circuit court did have jurisdiction of the cause and the power to try the same. But when a cause is appealed from the county court to the circuit court, such latter court obtains complete jurisdiction thereof to try the same anew, as if it had originated in said latter court. It was not proper then to transfer or remand the same to the county court for further trial of the matter appealed from. We are of the opinion, therefore, that the order of the circuit court refusing to entertain jurisdiction of this cause and remanding it to the county court was appealable.

The order of the circuit court, however, holding that

said ordinance was legally passed and adopted, was not a final order or judgment from which an appeal will lie. The trial of this cause involved a judicial examination of all the issues involved in the case, whether of law or of fact. Before there could be a final determination thereof from which an appeal would lie, it was necessary that all issues involved in the merits of the case should have been passed upon. The legality of the ordinance was only one of the issues involved in the action, and the fact that said ordinance was legally adopted did not necessarily determine the merits of the cause. Even though said ordinance was legally adopted, it might be determined by the court from the evidence that it was not fit or proper to annex said territory.

But, inasmuch as this cause must be remanded for a new trial, we deem it proper to note and decide the question involving the legality of the action of the council in submitting the proposition of annexation to the electors of the city. It is contended by counsel for appellee that this question could only be submitted by the city council by the passage of an ordinance. It is further urged that such ordinance would be of a permanent and general nature, and on this account it was essential to its validity that it should be read on three different days, as provided by section 5481 of Kirby's Digest, unless such rule was dispensed with in the manner therein prescribed; that is, by an affirmative vote of two-thirds of all the members elected to the council.

The proceedings in this case for the annexation of the contiguous territory to the municipality were had in pursuance of section 5519 of Kirby's Digest. That section provides: "When any municipal corporation shall desire to annex any contiguous territory thereto lying in the same county, it shall be lawful for the council to submit the question to the qualified electors at least one month before the annual election. If a majority of the votes cast in that election shall be in favor of such annexation, said corporation shall present a petition to the county court praying for such annexation." The determination of the matter as to whether or not the question of annexation should be submitted to the electors was by this statute committed to the municipal council. It is silent as to the mode in which such determination shall be made. It does not pre-

scribe that the decision of the council shall be made by ordinance. Under the terms of this statute, in order to submit such question it only needed the concurrence of the council. It was only necessary to obtain the consent of the council to submit the question, and to make some evidence thereof. That could be evidenced by a resolution, and it was not necessary to enact a formal ordinance to express that decision or to be a testimonial thereof.

In the case of the *Board of Atchison* v. *DeKay*, 148 U. S. 591, the Supreme Court of the United States, in speaking of the mode in which the council of a municipality must express its opinion or decision on a matter committed to it, says: "The general rule is that where the charter commits the decision of the matter to the council, and is silent as to the mode, the decision may be evidenced by a resolution, and need not necessarily be by an ordinance.   *   *   *   In this act incorporating cities of the second class, there is nothing which, either in terms or by implication, requires that the consent of the city council should be given only by ordinance. A resolution was therefore sufficient." It is essential to the validity of an ordinance that it shall be adopted in the manner prescribed by the legislative enactment. When, however, the statute conferring the power to act does not require such power to be exercised by ordinance, the municipal council may act by resolution. *Martin* v. *Oskaloosa*, 3 Am. & Eng. Ann. Cas. 260, and note; *Arkadelphia* v. *Arkadelphia Lumber Co.*, 56 Ark. 370.

The ordinances of a general or permanent nature which must be adopted according to the formalities of section 5481 of Kirby's Digest refer to those regulations and acts of the council which prescribe a permanent rule of government for the municipality. The action of the council submitting the question of annexation is only the expression of its view or opinion that proceedings looking to that end should be put in motion. Under the provisions of section 5519 of Kirby's Digest, relating to the annexation of territory to municipalities, the submission of the question by the municipal council is only one of the steps to be taken in the proceedings. Thereafter, the electors vote upon such question, and when a majority of the votes cast upon the question is in favor thereof, then the petition

seeking such annexation is presented to the county court. The county court is the tribunal to pass upon, and by its judgment, to determine finally, whether or not such annexation should be made. The decision of the county court was the permanent order relating to the annexation of the territory, and not the action of the city council. Such question could therefore be submitted by the municipal council by resolution, and it was not necessary to adopt an ordinance according to the formalities required by section 5481 of Kirby's Digest.

In this case, the form in which the council expressed its decision was called an ordinance, but it was in fact only a resolution, in the passage of which it was required only that a majority of the quorum of the council should concur. 1 Dillon on Municipal Corporations, §§ 282-283.

The order and judgment of the circuit court remanding the cause to the county court is reversed, and this cause is remanded to the circuit court with directions to try the matter upon its merits *de novo*.