INDEPENDENCE COUNTY *v.* SOWELL.

Opinion delivered July 15, 1912.

1. HIGHWAYS—ESTABLISHMENT—PROCEDURE IN CIRCUIT COURT.—Where the county court granted a petition to vacate an established road and lay out a new one, and on appeal the circuit court ordered the new road to be established without vacating the old one, it was not error for the circuit court to order the matter certified to the county court with directions to appoint viewers to assess the damages for the taking of lands for the new road. (Page 374.)

2. APPEAL AND ERROR—RIGHT OF APPEAL FROM ORDER DISALLOWING CLAIM FOR DAMAGES.—The authority of one whose land is proposed to be taken for a public road to appeal to the circuit court from an order of the county court disallowing his claim for damages can not be raised for the first time on appeal to the Supreme Court. (Page 374.)

3. HIGHWAY—ESTABLISHMENT—CONCLUSIVENESS OF ORDER OF CIRCUIT COURT.—Where, on appeal from the county court, the circuit court adjudged that a proposed road should be established, the county court can not thereafter determine that the road is not of sufficient importance to the public to require the payment of the damages assessed for the land taken. (Page 374.)

Appeal from Independence Circuit Court; *R. E. Jeffery,* Judge; affirmed.

STATEMENT BY THE COURT.

In 1910 certain petitioners made application to the county court of Independence County for altering a public road by vacating a portion thereof through a creek bottom and establishing a new road to carry the travel around a different way and better subserve the public convenience. Petitioners agreed to furnish the right-of-way for the new road free of charge to the county, provided the portion of the old road through their lands was vacated; and viewers were appointed who, after proceeding to determine the matter, filed a report, recommending that the portion of the old road petitioned against should be vacated, and that the new road petitioned for, as described, should be established, and "this road of course would not be needed, nor do we think it should be established, unless the old roads described are vacated."

Upon a hearing, the county court adopted the report of the viewers, made an order vacating the old road and establishing the new one, and from its judgment an appeal was taken.

Upon a hearing in the circuit court, it determined that both the old and the proposed new road were necessary to the public convenience, and that the owners of the land through which the new road was laid out had given the right-of-way for it only upon condition that the old road should be vacated, and that only nominal damages for the land had been assessed by the viewers on account of such agreement, to which said land owners should not be held, since the old road was not vacated, and rendered judgment "that the order of the county court opening a new road, as described, should be affirmed. That said road, as described, should be a public road, and that the order of the county court, vacating the Miller's Creek road, be set aside and cancelled, and that this order be certified to the county court, with directions to said county court to appoint three disinterested viewers, who shall go upon the new road and assess such damages to the land owners on which said road runs as they may deem proper and report their assessment to the county court, which shall order the same paid out of the county money if it deems the same proper and just." No appeal was taken from this judgment.

Appellees thereafter filed a petition, reciting the foregoing facts and asked that viewers be appointed to assess the damages to the land owners for the right-of-way for the new road, in accordance with the order of the circuit court, upon which the county court made the following order: "And the court, being fully advised in the premises, is of the opinion that the prayer of said petition, and the order and direction of said court, as above stated, should be granted and complied with."

It thereupon appointed viewers to assess the damages, who filed their report, showing the damages assessed to the land owners, as follows:

Mrs. Mary C. Williams, $145.20; H. C. Wade, $64.10; A. F. Sowell, $72.50; W. P. Jones, $50.30; Paul Butler, $243.50.

Upon the hearing of this report, after reciting the report, the following order was made:

"And the same being by the court examined, the court is of the opinion that said assessments should not be allowed. It is therefore considered and ordered by the court that said assessments be and the same are disallowed on account of the road not being of sufficient benefit to the public travel."

On the same day A. F. Sowell prayed an appeal from the order of the county court for himself and the other petitioners in the above-named matter and the property owners over which said road had heretofore been established, which was granted; the order of the county court showing that Sowell prayed an appeal for himself and the other interested parties.

Upon a hearing in the circuit court, it found the assessment of damages reasonable and fair and rendered judgment against the county for the different amounts assessed and reported by the viewers, reciting them and for costs. From this judgment the county judge, on behalf of the county, appealed to this court.

*Samuel M. Casey*, for appellant.

1. The circuit court exceeded its jurisdiction in making the order allowing the new road, but refusing to vacate the old road. Kirby's Dig., § 3003; 10 Ark. 241; 37 Cyc. 112, and note; art. 7, sec. 28, Const. The court also exceeded its authority in remanding the case to the county court with directions to take certain steps. 140 S. W. 712.

2. Sowell had no authority to take an appeal for the other parties, and his affidavit did not show originally such intention. His bond for appeal was not filed within the time required by law. Kirby's Dig., § 3006.

*Oldfield & Cole* and *McCaleb & Reeder*, for appellee.

1. No appeal having been taken by the county from the order of the circuit court requiring it to assess and pay for the lands occupied by the new road, etc., appellant's first contention is not properly before this court.

2. Under the circuit court judgment, the only duty of the county court remaining was to have the damages assessed, and, if found proper and just, to pay same. The county court's discretion was limited to finding whether or not the damages assessed were proper and just, and it had no discretion to refuse to allow the same merely because "the road is not of sufficient benefit to the public travel." Art. 2, sec. 22, Const. 10 Ark. 241; Kirby's Dig., § 3008.

3. The appeal by Sowell was by authority, and in due form of law. 89 Ark. 604. The filing of the appeal bond is not essential to the circuit court's jurisdiction.

KIRBY, J., (after stating the facts). It is contended, first, that the circuit court below, upon the first appeal, erred in remanding the case to the county court, with directions to appoint viewers for the assessment of the damages to the land owners for the land taken as right-of-way for the new road established.

The whole matter was before the circuit court for trial *de novo,* and it determined that the old road should not be vacated, that the proposed new road should be established, and that the owners of the land through which it was laid out were entitled to the compensation allowed by law for their lands appropriated; rendered judgment accordingly, ordering it certified to the county court with directions to appoint viewers to assess the damages for said lands "which shall be ordered paid by the county court, if it deems the same proper and just." This was a final determination of the matter of the establishment of the new road, and the county court thereafter, upon a report of the viewers assessing the damages for the land appropriated therefor, was without power to decide that the new road was not of sufficient public convenience to warrant the payment of the damages assessed and disallow same, that question having already been determined finally by the circuit court, from whose judgment no appeal was taken; which judgment was a determination of the whole matter, except the amount of compensation due the land owners which was left to be ascertained by the county court through the appointment of viewers, as the law requires, said county court having only the authority to pass upon the reasonableness of the amount of damages assessed.

It was a judgment concluding any further question of the vacation of the old and establishment of the new road, and not a reversal of the action of the county court thereon with directions to proceed in a matter which the circuit court itself should have determined, as was the case in *Batesville v. Ball,* 100 Ark. 496.

The sufficiency of the affidavit and appeal to the circuit court was not questioned. The authority of Sowell to make the affidavit and take the appeal from the judgment of the county court disallowing the claims for the damages assessed

by the viewers was not questioned in the circuit court, and can not be here for the first time on appeal to this court.

The circuit court acquired jurisdiction by the appeal to pass upon the question of the assessment of damages; and since no complaint is made of the amount thereof, but only that the road was not of sufficient convenience to the public to require the payment of such an amount for the land taken, a question that could not arise after its final determination on the first appeal in the circuit court, its judgment awarding the damages as assessed is in all things affirmed.