William R. SIMPSON, Jr., Public Defender for the Sixth
Judicial District *v.* PULASKI COUNTY CIRCUIT COURT

CR 95-432                                               899 S.W.2d 50

Supreme Court of Arkansas
Opinion delivered May 10, 1995

*William R. Simpson, Jr.*, Public Defender, for appellant.

*Pamela Dean Walker* and *Clifford Paul Block*, for appellee.

PER CURIAM. Petitioner William R. Simpson, Jr., Public
Defender for the Sixth Judicial District, urges in his motions for
writ of certiorari, temporary stay of proceedings, and expedited
consideration on an emergency basis that there is an intolerable
conflict between himself and the criminal defendant he was

appointed to represent and that we should issue a writ of certiorari ordering the Second and Seventh Divisions of Pulaski County Circuit Court to relieve him as counsel in two pending capital murder cases. As of this date two partial transcripts have been filed with this Court.

The State has filed motions for writ of certiorari, temporary stay, and expedited consideration that support the position taken by the public defender. Meanwhile, Pulaski County has filed a motion for permission to intervene as an interested party or, in the alternative, for permission to file an *amicus curiae* memorandum, as well as a motion to join in Mr. Simpson's motion for temporary stay. In its response to Pulaski County's motion, the State has indicated that it has no objection to the motion to intervene or for permission, in the alternative, to file an *amicus curiae* memorandum.

Mr. Simpson was appointed to represent Ledell Lee in a capital murder case in Pulaski County Circuit Court, Second Division (Chris Piazza, Judge), No. CR 93-1249; a capital murder case in Pulaski County Circuit Court, Seventh Division (John B. Plegge, Judge), No. CR 93-2052; and three rape cases in Pulaski County Circuit Court, First Division (Marion A. Humphrey, Judge), No. 93-1797, No. 93-2110 and No. 94-480. On February 17, 1995, Lee, acting *pro se*, represented to Judge Humphrey that a conflict of interest existed between Mr. Simpson and himself and requested that Mr. Simpson be relieved as counsel in the First Division rape cases. After hearing Lee's testimony and Mr. Simpson's response, Judge Humphrey found that a conflict existed and granted Lee's request, relieving Mr. Simpson from the First Division cases and appointing Dale E. Adams to represent the defendant in those cases.

According to Mr. Simpson, the alleged facts in the First Division rape cases also figure in the Second and Seventh Division capital murder cases. In the Second Division case, set for Monday, May 15, 1995, the State is seeking the death penalty and has announced that it intends to employ the three rape charges as the aggravating circumstances that warrant imposition of the death penalty. In the Seventh Division case, the State has announced that it intends to introduce the three rape allegations in its case-in-chief under Ark. R. Evid. 404(b) ("Other Crimes,

Wrongs, or Acts"), although Judge Plegge has ruled, at this point, that the State will not be permitted to use the evidence.

Following his removal from the First Division rape cases, Mr. Simpson filed motions on his behalf, as Public Defender and on behalf of the Office of Public Defender for the Sixth Judicial District in the Second and Seventh Divisions to be relieved from further representation of Lee in the two capital murder cases. In a hearing on the status of the public defender's office, held on February 22, 1995, Judge Piazza noted that "My position is that whatever has happened in some other court doesn't govern this." At a hearing on March 8, 1995, Judge Piazza heard Lee's motion to determine the status of the Public Defender's Office. Addressing Lee, Judge Piazza stated that "I understand what Judge Humphrey has done . . . but I have not seen a conflict which would cause this court to relieve [the Public Defender's Office] from their duty and for me to appoint independent counsel to represent you." He again stressed that Judge Humphrey's decision was "not going to be precedent in this court" and refused to relieve the public defender.

At a later hearing, on March 23, 1995, Judge Piazza considered Lee's amended motion for clarification of status of the Office of Public Defender. Finding that there was no conflict between Lee and his counsel, Judge Piazza refused to relieve the public defender but agreed to sit *en banc* to resolve the issue of the public defender's representation. On April 21, 1995, the Second Division Circuit Court heard statements from Lee's counsel regarding a civil lawsuit that the defendant intended to file against the public defender. Judge Piazza also heard evidence of Lee's uncooperativeness with counsel. On April 25, 1995, Judge Piazza entered an order refusing to relieve the public defender from representation of Lee in Case No. CR 93-1249.

The proceedings in the Seventh Division of Pulaski County Circuit Court paralleled those in the Second Division. On March 8, 1995, Judge Plegge heard Lee's motion to determine the status of the Office of Public Defender and, finding that no conflict existed between the defendant and his counsel, refused to relieve the public defender. Subsequently, on March 23, 1995, Judge Plegge entertained Lee's amended motion for clarification of status of the Office of Public Defender and again found that no con-

flict existed and refused to relieve the public defender but did agree to sit *en banc* to resolve the issue. On April 24, 1995, Judge Plegge heard statements from Lee's counsel regarding a civil suit that the defendant intended to file against the public defender and evidence of Lee's uncooperativeness with the public defender, which is of record. Once again, in an order entered on April 25, 1995, Judge Plegge declined to relieve the public defender from representing Lee in Case No. CR 93-2052. The orders entered by Judge Piazza and Judge Plegge on April 25, 1995, mirror each other, consisting of exactly the same phraseology.

■■ Under Ark. Const., Art. 7, § 4, this Court has general superintending control over all inferior courts. However, a circuit court has the discretion to deny counsel's motion to withdraw from representing an indigent defendant in a criminal case. *Davis* v. *State*, 308 Ark. 481, 825 S.W.2d 584 (1992). Moreover, a writ of certiorari will not lie to control judicial discretion unless a plain, manifest, clear, great, or gross abuse of discretion is shown. *Skokos* v. *Gray*, 318 Ark. 571, 886 S.W.2d 618 (1994). The petitioner for certiorari bears a very heavy burden. *Id.*

Although the second volume of the partial record before us reflects that the Seventh Division of the Pulaski County Circuit Court heard statements from Lee and his counsel, neither volume contains transcriptions of any of the hearings on March 8, March 23, or April 24, 1995, that resulted in Judge Plegge's findings. Further, no transcription of any hearing before Judge Humphrey, First Division, has been included. At most, we have Judge Humphrey's order of March 14, 1995, relieving the public defender from representation of Lee in the three rape cases.

What is available to this Court, having been filed with the Clerk, is a transcription of hearings before Judge Piazza, Second Division, and it is upon this portion of the record that we are obliged to focus in order to determine whether an abuse of discretion occurred. From a review of the partial record, it is evident that Judge Piazza afforded the parties opportunities to be heard concerning the issue of the status of the public defender on four different dates — February 22, March 8, March 23, and April 21, 1995.

■ On the basis of the partial record before us, we cannot say that Judge Piazza committed a plain, manifest, clear,

great, or gross abuse of discretion in refusing to relieve the public defender. Further, we decline to hold that Judge Plegge abused his discretion where the Seventh Division order of April 25, 1995, was entered on the same date and contained the identical language as the Second Division order and where both orders were approved as to form by the deputy prosecutor and the public defender.

Therefore, we deny the petition for writ of certiorari and the alternative motion for stay of proceedings.

GLAZE, J., would grant a stay and direct the consolidation of the three separate criminal proceedings pending against Ledell Lee below for the limited purpose to permit the respective parties to supplement the record so as to allow them to brief the issue on whether a conflict of issue exists in the Pulaski County Circuit Court, First Division, which should preclude defense counsel in that court proceeding from serving in Lee's cases pending in the Second and Seventh Divisions of the Pulaski County Circuit Court.

CORBIN and BROWN, JJ., dissent.

DONALD L. CORBIN, Justice, dissenting. I view with dismay the action — or should I say the inaction — of my respected colleagues in the matter before us.

Their inaction is premised upon the rule of law that a writ of certiorari will not lie to control judicial discretion, *unless* a plain, manifest, clear or gross abuse of discretion is shown. *Skokos* v. *Gray*, 318 Ark. 571, 886 S.W.2d 618 (1994) (emphasis added). My colleagues then proceed to determine, based upon a grossly incomplete record, that no manifest abuse of discretion has been demonstrated. They compound this error further by proceeding to deny the alternative motion for stay.

The bare minimum action called for in these proceedings necessarily involves granting a stay until we can get a complete and consolidated record of the proceedings in the three divisions of the Pulaski County Circuit Court as it relates to the public defender's ability to serve as the attorney for Ledell Lee.

A prima facie case of a conflict of interest has been presented to the court by the Petitioner William R. Simpson, Jr. This

is evidenced by the order of Judge Marion A. Humphrey finding that a conflict of interest existed between Mr. Simpson and the defendant Ledell Lee and relieving Mr. Simpson as counsel in the three rape cases against Lee.

This court should exercise its superintending control over the trial courts in an attempt to reconcile what appears at this time to be differences of opinion among three sitting circuit judges —if for no other reason. More importantly, this court should act now to avoid any possible prejudice to the state's cases against Mr. Lee that are pending before Judges Humphrey, Piazza and Plegge. Instead of protecting the investment of judicial time already expended, best indications are that a more wasteful expenditure of time will occur. I find our action today to be harmful to the confidence of attorneys in our system of jurisprudence in this state. I strongly believe this court is making a very grave mistake in judgment this day.

I am authorized to state that Justice Robert L. Brown joins in this dissent.