Mikel D. LOTT and Luyen Lott *v.* The CIRCUIT COURT of Benton County, et al.

97-16                                                       945 S.W.2d 922

Supreme Court of Arkansas
Opinion delivered May 27, 1997

*Mashburn & Taylor,* by: *Scott E. Smith,* for petitioners.

*Howard L. Slinkard, P.A.,* by: *Howard L. Slinkard* and *Pat Moran,* for respondents.

DAVID NEWBERN, Justice. Cooper Communities, Inc., petitioned the Benton County Court for the establishment of a private road for purposes of gaining access from public roads to a tract of land it owned. The proposed road crosses properties owned by others, including that of the petitioners, Mikel D. and Luyen Lott. The County Court ordered the road established and ordered payment to the Lotts of damages of $798. The Lotts and other landowners whose property would be crossed by the proposed road appealed to the Circuit Court.

Cooper Communities, Inc., sold its tract of land to the Seth Family Trust and, pursuant to Ark. R. Civ. P. 25(c), moved the Circuit Court for an order joining or substituting the Trust in its place in the litigation. An order allowing the Trust to be joined with Cooper Communities, Inc., as a party was entered. The Lotts seek a writ of prohibition, claiming that the joinder deprives the Circuit Court of jurisdiction because the claim is not the same as the one tried by the County Court. We deny the writ.

The initial, exclusive jurisdiction of county courts with respect to matters related to county roads is conferred by Ark. Const. art. 7, § 28. Appeals from decisions of the county courts are taken to the circuit courts. Ark. Const. art. 7, § 33. In support of their claim that the Circuit Court in this case had no juris-

diction, the Lotts cite art. 7, § 28, and two cases. The more recent of the two cited cases is *Sharp County v. Northeast Arkansas Planning & Consulting Co.,* 275 Ark. 172, 628 S.W.2d 559 (1982). There, the claim was for a fee said to be owed by Sharp County to Northeast Arkansas Planning and Consulting Company ("Northeast"). The County Court denied the claim. Northeast appealed, and in the Circuit Court the County alleged lack of jurisdiction because Northeast's claim was based upon a payment order of a date different from the one alleged in the County Court and because it had reduced the amount of its claim. We held the claim was the same, and we could see no reason for holding that a reduction in the amount sought was prejudicial to the County. Although the case did not involve substitution, or even joinder, of a new party, we wrote the following *obiter dictum*:

> We have held that on appeal from the county court, the circuit court could not allow a substitution of parties since this would permit the circuit court to exercise original jurisdiction, *McLain v. Miller County,* 180 Ark. 828, 23 S.W.2d 264 (1930) . . . .

*Sharp County v. Northeast Ark. Planning & Consulting Co.,* 275 Ark. at 173-74, 628 S.W.2d at 560.

In the *McLain* case, which is the other decision cited by the Lotts, the original claimant against Miller County was the Miller County Judge who, not surprisingly, was granted relief on his claim by the County Court, which consisted of himself. In the Circuit Court it became apparent that the County Judge had collected from the County a debt that was not even ostensibly owed to him but was owed to his sisters. The Circuit Court overruled the County Judge's motion to substitute his sisters as the proper claimants because the procedural code did not allow for such a substitution and because original jurisdiction lay in the County Court. We affirmed.

As to the first holding in the *McLain* case, the law has changed. It is now clear that a substitution of the real party in interest, upon a transfer of interest, is permitted as a procedural matter. Ark. R. Civ. P. 17(a) and 25(c). As to the second holding, concerning jurisdiction of a county court, there is an impor-

tant distinction between the *McLain* case and this one. The original plaintiff in the *McLain* case had no claim in either the County Court or the Circuit Court. He was not even a party to the notes he sought to enforce. To the contrary, the case now before us was prosecuted originally in the County Court by Cooper Communities, Inc., whose standing at that stage of the proceedings is not questioned.

■ The essence of the Lotts' argument is that, when a case is appealed, new claims may not be permitted at the appellate level. There is no assertion that the claim has increased or that it differs from the original in any way or that there are new pleadings to be considered by the Circuit Court. While the Lotts offer speculation that the Seth Family Trust may have access needs that differ from those of Cooper Communities, Inc., or may seek a different route for the road, we see no evidence of it.

■■ The writ of prohibition is an extraordinary writ that is only granted when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. *Bonnell v. Smith,* 322 Ark. 141, 908 S.W.2d 74 (1995); *State v. Pulaski County Circuit-Chancery Court,* 316 Ark. 473, 872 S.W.2d 854 (1994). On appeal from the County Court, the Circuit Court must try the case *de novo.* Ark. Code Ann. § 16-67-207 (1987); *Pulaski County v. Horton,* 224 Ark. 864, 276 S.W.2d 706 (1955). If, however, it turns out that joinder of the Seth Family Trust in some way makes the claim different from the one presented by Cooper Communities to the County Court, then the Circuit Court can take appropriate action. From its decision, whether or not it reaches the merits of the case, an appeal presumably will lie. Nothing presently before us shows that the Circuit Court is wholly without jurisdiction.

Writ denied.

BROWN and IMBER, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. Article 7, § 28, of the Arkansas Constitution provides that county courts "shall have exclusive original jurisdiction in all matters relating to county . . . roads[.]" The majority opinion would permit a joinder or substi-

tution of a new party on appeal in this case, a position that runs directly counter to the State Constitution and to caselaw. I would grant the writ of prohibition.

Cooper Communities, Inc., filed a petition for a private road in Benton County Court, and the road was established by the county court. Several landowners appealed to circuit court. At the appellate level, the Benton County Circuit Court permitted a new party, the Seth Family Trust, to be joined with Cooper Communities in the appeal because of a transferred interest and, in effect, to assume the role of appellee. The majority opinion concludes that this is appropriate because our civil rule, Ark. R. Civ. P. 25(c), permits substitution or joinder of parties due to a transferred interest. Yet, Rule 25(c) clearly does not apply at the appellate level, as the Court of Appeals has already held. *See Constitution State Ins. Co. v. Passmore*, 18 Ark. App. 247, 713 S.W.2d 255 (1986) (per curiam). Moreover, to hold that this court's procedural rules can alter the jurisdictional mandates fixed in the State Constitution is a unique conclusion indeed.

This court has already decided this jurisdictional issue. *See McLain v. Miller County*, 180 Ark. 828, 23 S.W.2d 264 (1930). In *McLain*, a county judge first sought to collect on promissory notes issued by the county to his sisters. The county court authorized payment. A taxpayer appealed to circuit court, and that court held the county judge had no interest in the notes. The county judge then tried to substitute his sisters as parties at the circuit court level, and the circuit court denied the motion. We agreed on appeal and said:

> An additional reason why the amendment [substituting the sisters as parties] could not be made in this case is that the circuit court had no original jurisdiction of a claim against the county. The county court had exclusive original jurisdiction. The circuit court can try a case of this kind; has jurisdiction to do so only when it is appealed from the county court. To permit an amendment substituting a party in the circuit court in this case, would be permitting the circuit court to exercise original jurisdiction, and this it cannot do.

*McLain v. Miller County*, 180 Ark. at 835, 23 S.W.2d at 267. *See also Madison County v. Nance*, 182 Ark. 775, 32 S.W.2d 1073

(1930) (new pleadings and new issues cannot be filed in circuit court in an appeal from county court due to lack of original jurisdiction).

The majority attempts to distinguish the *McLain* case from the instant case on grounds that the county judge in *McLain* had no interest in the promissory notes in county court or circuit court. But that analysis misses the mark. The issue in *McLain* was whether the circuit court could exercise original jurisdiction over the sisters, as the issue in the case at hand is whether the circuit court can assume original jurisdiction over the Seth Family Trust. Of course, the answer in both cases is "no," as is made abundantly clear in *McLain v. Miller County, supra*.

The majority assumes the transferred interest from Cooper Communities to the Seth Family Trust is the same. It may or may not be, but in any case that is for the court of original jurisdiction to determine — not the appellate court. We embark down a rocky road when we permit appellate courts to exercise original jurisdiction over new parties and permit new parties to intervene on appeal. It is bad precedent and a case that should not be driven by considerations of judicial economy.

I respectfully dissent.

IMBER, J., joins.