Floyd H. FULKERSON *v.* The Honorable
Morris W. THOMPSON, Circuit Judge, Fifth Division
Pulaski County Circuit Court

98-863                                    974 S.W.2d 451

Supreme Court of Arkansas
Opinion delivered September 17, 1998

*Hankins, Hicks, Madden, & Blagg,* by: *Stuart W. Hankins,* for petitioner.

*Winston Bryant,* Att'y Gen., by: *Sherri L. Robinson,* Asst. Att'y Gen., for respondent.

PER CURIAM. Petitioner, Floyd H. Fulkerson, requests that this court issue a writ of certiorari and order Respondent, Pulaski County Circuit Court Judge Morris W. Thompson, to promptly comply with the mandate of the Arkansas Court of Appeals. Judge Thompson responds that Fulkerson is not entitled to a writ of certiorari because the order entered on July 9, 1998, is a matter of judicial discretion and the trial court did not abuse its discretion or act in excess of its jurisdiction.

This action commenced on May 5, 1995, when Fulkerson filed a complaint in Pulaski County Circuit Court against Sylvester Van Burn, individually and d/b/a The Progressive Church, Inc., and requested that the court eject the congregation from a church building and 4.5-acre parcel of land owned by Fulkerson since December 1949. The church filed a counterclaim and asserted that it owned the parcel of land by adverse possession. The case was tried before Judge Thompson in October 1996, and on November 12, 1996, a judgment was entered by the Pulaski County Circuit Court in favor of the Progressive Church, awarding the church title to the parcel of land based upon adverse possession. Fulkerson appealed the Pulaski County Circuit Court's judgment to the Arkansas Court of Appeals, which rendered its decision on February 11, 1998, reversing and remanding the case to the trial court. Specifically, the Arkansas Court of Appeals concluded that the Progressive Church did not adversely possess the land, and the majority opinion issued the following directive to the Pulaski County Circuit Court:

> For the reasons set forth above, we reverse the Pulaski County Circuit Court's judgment in favor of appellee the Progressive Church, Inc., on its counterclaim for adverse possession, and remand to the circuit court for further proceedings not inconsistent with this opinion.

On March 18, 1998, a petition for rehearing filed by the Progressive Church was denied by the Arkansas Court of Appeals and the Supreme Court Clerk issued the mandate.

Upon remand to the Pulaski County Circuit Court, Fulkerson filed a motion for entry of an order to enforce the mandate, and the Pulaski County Circuit Court entered an order on May 1,

1998, which granted Fulkerson possession of the real property in question and ordered the Progressive Church to vacate the property within ten days of the date of the order. On May 29, 1998, the Progressive Church filed a motion to reconsider in which it asked for an additional six months to vacate the property (*i.e.*, until November 29, 1998). Fulkerson responded to the church's motion and requested that the motion be denied and that he be given immediate possession of his property without further delay. On July 9, 1998, the Pulaski County Circuit Court entered an order granting the Progressive Church an additional six months to vacate the property (*i.e.*, until January 9, 1999).

Fulkerson contends that the Pulaski County Circuit Court lacked the jurisdictional power to enter the July 9 order because it is not consistent with the mandate of the Arkansas Court of Appeals, and because the Pulaski County Circuit Court has no power to change or extend that mandate. Judge Thompson responds that the July 9 order is a matter of judicial discretion and that Fulkerson may pursue an action for damages against the Progressive Church for the time the church remains in possession of Fulkerson's property.

It is axiomatic that a writ of certiorari is an extraordinary writ and can only be granted when the petitioner is clearly entitled to the relief. *Irvan v. Kizer*, 286 Ark. 105, 689 S.W.2d 548 (1985). We recognize that certiorari lies only when there is a lack of jurisdiction or there has been an excess of jurisdiction on the face of the record or the proceedings are erroneous on the face of the record, and there is no other adequate remedy at law. *King v. Davis*, 324 Ark. 253, 920 S.W.2d 488 (1996). Although certiorari does not lie to control judicial discretion, it is available to control "plain, manifest, clear, great or gross abuse of discretion . . ." *Simpson v. Pulaski County Circuit Court*, 320 Ark. 468, 899 S.W.2d 50, 51 (1995).

It has also been well-established by this court early in its history that whatever is before the Supreme Court and disposed of in the exercise of its appellate jurisdiction must be considered settled and the lower court must carry that judgment into execution according to its mandate. *Watkins v. Acker*, 195 Ark. 203 (1937).

*See also, Carroll Elec. Coop. Corp. v. Benson,* 319 Ark. 68, 889 S.W. 2d 756 (1994)(trial court has no power to change or extend the mandate of the Supreme Court). This principle was recognized as early as 1843 by the Supreme Court in *Fortenberry v. Frazier,* 5 Ark. 200, 202 (1843):

> Whatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate and settle such matters as have been remanded, not adjudicated by the Supreme Court. . . . The principles above stated are, we think, conclusively established by the authority of adjudged cases. And any further departure from them would inevitably mar the harmony of the whole judiciary system, bring its parts into conflict, and produce therein disorganization, disorder, and incalculable mischief and confusion. Besides, any rule allowing the inferior courts to disregard the adjudications of the Supreme Court, or to refuse or omit to carry them into execution would be repugnant to the principles established by the constitution, and therefore void.

In *Arkansas Baptist College v. Dodge,* 198 Ark. 592, 593, 74 S.W.2d 645, 646 (1934), the Arkansas Supreme Court issued a writ of prohibition forbidding the lower court from entering any decree except as mentioned in the mandate: "From the paragraph of the opinion quoted, it definitely appears that the cause was reversed with specific directions to enter a decree in accordance with the opinion, therefore there was nothing for the chancellor to do but enter a decree dismissing the complaint for want of equity."

The Pulaski County Circuit Court's July 9 order is not consistent with the mandate by the Arkansas Court of Appeals. Rather, the July 9 order extends the mandate issued by the Arkansas Court of Appeals by allowing the Progressive Church to remain on Fulkerson's property for approximately eight months beyond the original order entered by the Pulaski County Circuit Court on May 1, 1998. Such an extension would effectively

mean a delay of almost eleven months before implementation of the mandate issued on March 18, 1998. We conclude that the Pulaski County Circuit Court clearly abused its discretion when it entered the July 9 order and that Fulkerson has no adequate remedy at law to secure immediate possession of his property as mandated by the Arkansas Court of Appeals. We further conclude that Fulkerson is entitled to the entry of an order by the Pulaski County Circuit Court which is consistent with the mandate of the Arkansas Court of Appeals and which gives Fulkerson immediate possession of his property.

Writ of Certiorari granted.