COOPER COMMUNITIES, INC., *et al. v.* The CIRCUIT
COURT of BENTON COUNTY, *et al.*

98-1004                                      984 S.W.2d 429

Supreme Court of Arkansas
Opinion delivered January 28, 1999

*Howard L. Slinkard, P.A.*, by: *Howard L. Slinkard* and *Pat Moran*, for petitioners.

No response.

W H. "Dub" Arnold, Chief Justice. On August 17, 1998, petitioners, Cooper Communities, Inc., and Jan L. Seth and Judith F. Seth, co-trustees of the Family Trust of Jan L. Seth and Judith F. Seth, filed a petition for writ of certiorari, requesting that we quash the Benton County Circuit Court's order dismissing the petitioners' case and order the circuit court to proceed with a trial *de novo*. In support of their position, the petitioners argue that the circuit court was wholly without jurisdiction to dismiss the case and that a writ of certiorari is the only available remedy to cure the circuit court's erroneous exercise of jurisdiction. We disagree, and we deny the petition for writ of certiorari.

In October 1993, Cooper Communities filed a petition in the Benton County Court seeking the establishment of a private road crossing through the respondents' property and onto Cooper Communities' land-locked property. After conducting hearings, the county court issued a final order, in October 1995, creating a permanent thirty-foot right-of-way across the respondents' property. Subsequently, on December 11, 1995, the respondents, as owners of property crossed by the right-of-way, appealed the county court's decision to the Benton County Circuit Court.

Also in December of 1995, Cooper Communities conveyed its interest in its formerly land-locked tract and its right-of-access via the permanent right-of-way, to Jan L. Seth and Judith Seth, as co-trustees of the Family Trust of Jan L. Seth and Judith F. Seth. As a result of the transfer, Cooper Communities filed a motion in the circuit court to either substitute or join the Seth Family Trust as a party in the case. In June of 1996, the circuit court granted Cooper Communities' motion and joined the Trust as a party.

Following the circuit court's decision to join the Trust as a new party, respondents Mikel D. Lott and Luyen Lott challenged the joinder and, in December 1996, filed a petition for a writ of prohibition in this court. Specifically, the Lotts claimed that the joinder deprived the circuit court of jurisdiction because the claim before it was no longer the same as the one tried by the county court. In our May 27, 1997, opinion, *Lott v. Circuit Court*, 328 Ark. 596, 945 S.W.2d 922 (1997), we held that a substitution of the real party in interest, upon a transfer of interest, is permitted as a procedural matter pursuant to Ark. R. Civ. P. 17(a) and 25(c). Further, we noted that there was no assertion that the claim had increased or that it differed from the original claim in any way or that the circuit court would be required to consider any new pleadings. Moreover, we found that there was no evidence demonstrating that the circuit court was wholly without jurisdiction. Accordingly, we denied the writ of prohibition. *Id.* at 599.

However, in dicta in *Lott*, we noted that if the circuit court ultimately found that the joinder of the Trust "in some way makes the claim different" than the one presented by Cooper Communities to the county court, then the circuit court could "take appropriate action." *Lott*, 328 Ark. at 599. From such a decision, whether or not the circuit court reached the merits of the case, we suggested that an appeal would presumably lie. *Id.* On September 23, 1997, after the case returned to the circuit court, the circuit court granted a motion to transfer the case back to the county court and noted with emphasis the precise language in *Lott* permitting it to "take appropriate action" if it found that joinder "in some way makes the claim different." Notably, the petitioners failed to appeal from the circuit court's decision granting the transfer, and, on May 8, 1998, the petitioners participated in hearings before the county court.

Following the May 8, 1998, hearing, the county court issued a letter order on May 22, 1998, concluding that the Trust made no claims different from the original claim, presented by Cooper Communities in the original county court case, and that the location and route of the road selected and laid out in the previous

county court case was the most feasible route onto the land-locked property. Although the county court adopted the location and route of the right-of-way as laid out in the prior case, it specifically reserved the question of damages for the taking of the land until it heard testimony at a hearing scheduled for July 14, 1998. The county court also noted that its final order, reflecting all findings, would be entered following the July 14th hearing.

The scheduled July 14, 1998, hearing never took place because the petitioners precipitously filed a motion in the circuit court on May 27, 1998, requesting that the circuit court adopt the findings made by the county court in its May 22, 1998, letter order. On June 16, 1998, in a bench ruling, the circuit court denied the motion to adopt the county court's findings and noted that the case had been terminated upon its transfer to county court. Additionally, on June 30, 1998, the circuit court issued an order of dismissal. From this order of dismissal comes the instant petition for writ of certiorari.

A writ of certiorari is an extraordinary writ that can only be granted when the petitioner is clearly entitled to relief and there is no other adequate remedy at law. This court will grant a writ of certiorari only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. Although certiorari is not available to control judicial discretion, we will grant it to control plain, manifest, clear, great, or gross abuse of discretion. *See Fulkerson v. Thompson*, 334 Ark. 317, 974 S.W.2d 451 (1998) (*per curiam*).

Here, we deny the petition because the petitioners failed to avail themselves of other adequate remedies at law. Specifically, the petitioners failed to appeal from the circuit court's September 23, 1997, final order granting the transfer back to county court. *See Batesville v. Ball*, 100 Ark. 496, 500-01, 140 S.W. 712 (1911). Also, rather than awaiting the scheduled July 14, 1998, county court hearing resolving damages and rather than awaiting a final county court order, the petitioners returned to circuit court, urging it to adopt the county court's findings.

Should the petitioners have awaited a final county court order, mindful that (1) the county court hearing resulted in a letter order in their favor, and (2) the May 22, 1998, letter order was not a final order, they could have appealed to the circuit court at the appropriate time. However, these are not the facts in the record before us. Moreover, because the petitioners prematurely approached the circuit court, the issue of damages had not yet been reached by the county court and could not be heard in the first instance by the circuit court. We cannot grant an extraordinary writ when the petitioners failed to pursue other adequate remedies at law and are responsible for the "procedural morass" of which they now complain.

■ However, we note that the circuit court erred in entering an order of dismissal. As of September 23, 1997, the circuit court lost jurisdiction over the case and could not, therefore, subsequently dismiss the case on June 30, 1998. Accordingly, although we agree that the circuit court lacked jurisdiction to "dismiss" a case previously transferred, in light of the petitioners' failure to properly pursue an appeal from the circuit court's final order or from the county court to the circuit court, we deny the petition for writ of certiorari.

GLAZE and THORNTON, JJ., dissent.

SMITH, J., not participating.

TOM GLAZE, Justice, dissenting. I respectfully dissent. In reaching its decision, the majority court cites *Fulkerson v. Thompson*, 334 Ark. 317, 974 S.W.2d 451 (1998), but then misapplies that case's holding. In *Fulkerson*, we reiterated the established rule that whatever is before the supreme court and disposed of in the exercise of its appellate jurisdiction must be considered settled, and the lower court must carry that judgment into execution according to its mandate. The *Fulkerson* holding further cited *Carroll Elec. Coop. v. Benson*, 319 Ark. 68, 889 S.W.2d 756 (1994), for the proposition that a trial court has no power to change or extend the mandate of the supreme court.

. In this court's first decision involving Cooper Communities, Inc., Jan and Judith Seth, co-trustees of the Seth Family Trust, and Mikel and Luyen Lott, we held the circuit court had jurisdiction of this case. *Lott v. Circuit Ct.*, 328 Ark. 596, 945 S.W.2d 922 (1997) (*Lott I*). This court said that, on appeal from the [Benton] county court, the [Benton County] circuit court must try the case *de novo*. This court concluded further as follows:

> If, however, it turns out that joinder of the Seth Family Trust in some way makes the claim different from the one presented by Cooper Communities to the county court, then the circuit court can take appropriate action. *From its [circuit court's] decision*, whether or not it reaches the merits of the case, *an appeal presumably will lie.* (Emphasis added.)

In the instant case, the circuit court did not try the case *de novo*, nor did it determine whether the joinder of the Seth Family Trust in some way made the claim different from the one presented by Cooper Communities. Instead, the circuit court erroneously sent the case to the Benton County Court to make that decision.[1] In sum, this court's decision in *Lott I* made it clear that the circuit court must determine whether the Seth Family Trust's joinder changed Cooper Communities' original claim, and regardless of how the trial court decided the issue, the circuit court's decision, whether it reaches the merits or not, could presumably be appealed.

The majority opinion is further mistaken when it suggests Cooper Communities and the Seth Family Trust should have appealed the circuit court's decision to return the case to the Benton County Court. The circuit court's order transferring the case to the county court is not a final order or one that can be appealed under Ark. R. Civ. P. 2. This court has held on numerous occasions that an order that contemplates further action by a party or the court is not a final, appealable order. *Payne v. State*, 333 Ark. 154, 968 S.W.2d 59 (1998). Here, the circuit court's order

---

[1] About eight months later, the county judge found the joinder of the Seth Family Trust made no difference in Cooper Communities' original claim.

merely returned this case to the county court for that court to determine if the joinder of the Seth Family Trust made the case different from the one earlier presented to the county court by Cooper Communities. That decision was for the circuit court to make and remanding this case has only delayed it. In short, the circuit court's remand order was not intended to end this litigation, but instead contemplated further action by the parties.

Even if Cooper Communities could be said to have had a right to appeal the circuit court's transfer order, the remedy was not an adequate one. It had already prevailed in one appeal, and should not have been forced to appeal on an issue that had already been decided in *Lott I.* Cooper Communities is, in my view, entitled to the use of a writ of certiorari to obtain its relief. In fact, it is these type circumstances where extraordinary relief is necessary.

The circuit court's failure to follow this court's mandate in *Lott I* has caused this case to be retried in the Benton County Court and will necessitate yet another appeal to the Benton County Circuit Court for a *de novo* trial. If this case had been decided by the circuit court in compliance with this court's earlier mandate, this case undoubtedly would by now have been tried and decided by the circuit court. In fact, enough time has passed that the case likely could have been decided by this court on appeal.

For the reasons above, I would, in accord with *Fulkerson*, hold that the circuit court had *no power* to transfer this case to the county court, and direct the circuit court to comply with the mandate and decision rendered by this court in *Lott I.*

THORNTON, J., joins this dissent.